Opinion delivered November 13, 1888.

No. 6220.

DEL RIO BUILDING AND LOAN ASSOCIATION *v.* KING & FORDTRAN.

1. INTERVETION—An intervenor in a suit for land should set out facts entitling him to a recovery against the original parties in the suit.

2. SAME.—See allegations where the intervention was properly dismissed.

3. JUDGMENT ON DISMISSING AN INTERVENTION.—On sustaining exceptions to an intervention the judgment should dismiss the bill without prejudice to the claim sought to be set up.

APPEAL from Val Verde. Tried below before the Hon. T. A. Falvey.

This is an appeal by the Del Rio Building & Loan Association from a judgment dismissing its petition of intervention in a suit pending by appellees against Olds and Onion, under whom both intervenor and the appellees, King & Fordtran, claim.

The facts are given in opinion.

*Ware & Tugwell,* for appellant.

Intervenor alleged seizin and title in itself and eviction and damages; and plaintiff's liability and intervenor's inter-

est in the subject matter which might be adjudicated in the suit between plaintiffs and defendants, intervenor's tenants: sufficient on general demurrer. (Graves v. Hall, 27 Texas, 153; Pool v. Sanford, 52 Texas, 633; Whitman v. Willis, 51 Texas, 425; Field v. Gantier, 8 Texas, 74; Eccles v. Hill, 13 Texas, 65; Burditt v. Glasscock, 25 Texas Sup., 45; Smith v. Allen, 28 Texas, 497; Smalley v. Taylor, 33 Texas, 668; Mussina v. Goldthwaite, 34 Texas, 125; Norvell v. Phillips, 46 Texas, 176; Sayles' Practice, chap. 14; Pomeroy on Remedies, sec. 430 )

*Clifford & Aycock,* for appellees, cited Monroe v. Buchanan, 22 Texas, 537; Carter v. Attoway, 46 Texas, 108; Gammage v. Silliman, 55 Texas, 365; Duty v. Graham, 12 Texas, 427; Morrow v. Morgan, 48 Texas, 304; Mann v. Falcon, 25 Texas, 277; Loving v. Millican, 59 Texas, 427.

HOBBY, JUDGE. The appellees, King & Fordtran, instituted a suit on the twentieth day of May, 1886. in the usual form of an action of trespass to try title against D. A. Olds and Michael Onion, to recover lots numbers fifteen and sixteen in block E, in the town of Del Rio, alleging ownership in and ouster of plaintiffs by defendants by the tenth day of July, 1885. Appellees alleged the value of the lots to be respectively one thousand five hundred dollars and five hundred dollars, aggregating two thousand dollars. Upon filing an affidavit and bond therefor, a writ of sequestration issued, which was levied upon the property on the twenty-fourth day of May, 1886. and replevied by appellees on the fourteenth day of June, 1886. Appellant intervened in the suit on the twenty-sixth day of October, 1886, between appellees and Olds and Onion, in the district court of Val Verde county, alleging that appellees, in November, 1884, recovered a judgment against John O'Conner for the sum of five hundred and forty-three dollars and one cent, with interest thereon, and twenty-eight dollars and thirty-five cents, costs of suit, and that appellees became the purchasers at the sale under that judgment of the lot sixteen involved in this suit, through their attorney, W. B. Eastman, on July 7, 1885, for the sum of sixty-five dollars. Intervenor alleged also that the levy and sale was expressly made subject to its recorded lien, which lien by the judgment of the district court of Val Verde county against said O'Conner, of date April 24, 1886, was ascertained to be nine

hundred and fifty-three dollars and sixty cents, and the mort-
gage securing the same in favor of appellant was foreclosed;
that an order of sale for the satisfaction thereof was granted
for the said lot sixteen; and which was duly issued and execu-
ted by the sheriff on the first Tuesday in July, 1886, and at
which last mentioned sale appellant became the purchaser for
the sum of one thousand and twenty-five dollars. Appellant
alleged that being seized and possessed of said lot number six-
teen in fee simple, on May 20, 1886, appellees by false and
fraudulent allegations in their petition obtained under the writ
of sequestration issued herein, possession of said lot on June
14, 1886, and ejecting appellant therefrom. Appellant al-
leged the claim of appellees to be a cloud on its title, their
possession under the writ of sequestration to be a trespass;
that appellant became subrogated to the rights of said O'Con-
ner, defendant in execution; prays for judgment removing all
cloud from its title, the cancellation of sheriff's deed to ap-
pellees for said lot sixteen, for the value and use of occupation
from first Tuesday in July, 1886, for writ of possession, and
for general relief.

General and special exceptions were filed by appellees to the
petition for intervention upon the grounds that no act or words
were charged therein amounting to fraud; that there was
nothing shown in the petition calling for the cancellation of
appellees' title. That the allegation, that the sale to appellees
of the lots in July, 1885, was made expressly subject to appel-
lant's lien, shows that the sheriff had no authority to fix terms
or qualifications other than the law would imply, nor was such
authority alleged in Eastman. That the petition of appellant
does not show that appellees are bound by the decree of fore-
closure, in that it does not allege appellees were parties thereto.
Appellees pleaded specially their title under the sale made in
July, 1885, and allege the filing of their deed from the sheriff
for record in the office of the county clerk of Val Verde county.

The exceptions of appellees to the petition of appellant were
sustained, and the intervenor declining to amend the petition,
it was dismissed.

The rule regulating the right to intervene is stated to be as
follows: "The intervenor's interest must be such that if the
original action had never been commenced, and he had first
brought it as the sole plaintiff, he would have been entitled to
recover in his own name to the extent at least of a part of the

relief sought; or if the action had first been brought against him as the defendant, he would have been able to defeat the recovery, in part at least. His interest may be either legal or equitable." (Pomeroy's Rem. and Remedial Rights, sec. 430.)

This rule has been adopted in this State. (Pool v. Sanford, 52 Texas, 633.)

If appellant had, under the operation of this rule, instituted the suit as plaintiff on the twentieth day of May, 1886, setting forth specially its title to the lot number sixteen, as pleaded in the petition for intervention, and alleging its title to be under the sale made on the first Tuesday in July, 1886, by virtue of the decree foreclosing the mortgage lien, it could not have recovered as against the title of appellees derived from the sale made in July, 1885, under their judgment against O'Conner.

The special exceptions of appellees to the petition for intervention called in question the superiority of appellant's title, and this did not appear satisfactorily from its pleading. It is not shown by the intervenor that the appellees had notice of its lien in July, 1885, when title vested in them. Nor was this lien of the intervenor foreclosed until April, 1886. If the action had been brought by the appellees against the intervenor, instead of the defendants Olds and Onion, it does not appear from the intervenor's petition that the appellees' recovery could have been defeated.

We are of the opinion that the judgment dismissing the petition for intervention should have been without prejudice to appellant, and that so reformed, it should be affirmed.

*Reformed and affirmed.*

Opinion adopted November 13, 1888.

STAYTON,
*Chief Justice.*