**In re David Arnold NORTHROP, Relator.**

**Nos. 01–09–00814–CV, 01–09–00815–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 15, 2009.

Don E. Robinowitz, Eric Terrell McFerren, Anderson & Smith, PC, Houston, TX, for appellant.

Sandra D. Hachem, Senior Assistant County Attorney, Terry Lea Elizondo, Richard Hipp, Houston, TX, for appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION [1]

GEORGE C. HANKS, JR., Justice.

Relator, David Arnold Northrop, filed a petition for writ of mandamus on September 21, 2009, seeking mandamus relief compelling the trial court to vacate its orders from August 11, 2009 and August 25, 2009, striking Northrop's petition in intervention. Northrop also requested a stay of the trial set for September 22, 2009

---

1. The underlying cases are Cause No. 2004–66050, in the 257th Judicial District Court of Harris County, Texas, the Hon. Judy Warne, presiding, and Cause No. 2008–24499, in the 257th Judicial District Court of Harris County, Texas, the Hon. Judy Warne, presiding.

on the ground that he should have been allowed to intervene to participate at the trial. We granted a stay on September 21, 2009 so that we could consider Northrop's arguments. On October 7, 2009, having reviewed the record and the briefs, we concluded that the trial court did not abuse its discretion in denying Northrop's petition to intervene, lifted the emergency stay, and denied mandamus relief. We withdraw our opinion of October 7, 2009, and issue the following in its stead.[2]

## BACKGROUND

Northrop is the maternal great uncle of the two children who are the subjects of the underlying suits affecting the parent-child relationship (SAPCR). Northrop resides in Indiana, and has no substantial contacts with the children. The Texas Department of Family & Protective Services ("Department") initiated the SAPCR against the biological parents of the children, seeking emergency protection on April 29, 2008. TEX. FAM.CODE ANN. § 262.104 (Vernon 2008). The trial court entered emergency orders giving the Department temporary managing conservatorship of the children on April 29, 2008. The emergency orders set a one year dismissal date of May 4, 2009.[3] An adversarial hearing was held pursuant to Texas Family Code Section 262.201 on May 13, 2008. At that hearing, the court found the emergency protection of the children was appropriate and the Department should continue to serve as temporary managing conservator of the children. *See* TEX. FAM. CODE ANN. § 262.201 (Vernon Supp. 2009).

Before the one-year deadline expired, the court granted extensions in both cases to the latest possible date for trial on the merits before the suits were subject to dismissal: October 31, 2009. *See* TEX. FAM. CODE ANN. § 262.104 (Vernon 2008) (allowing for a one-time stay of 180 days). To accommodate this deadline, the court set the cases for trial on September 22, 2009.

Just over two months before the trial date, on July 17, 2009, Northrop filed his first set of petitions to intervene, seeking termination of parental rights, appointment as sole managing conservator, and adoption of the children. Attached to the petitions were affidavits of relinquishment of parental rights, signed by the children's parents on July 2, 2009, naming Northrop as managing conservator of the two children. The Department filed a motion to strike the petition in intervention on August 5, 2009. After a hearing on August 11, 2009, the court granted the motion to strike.

Subsequently, Northrop filed a second set of petitions to intervene on August 14, 2009, accompanied by new affidavits of relinquishment signed by the parents on August 13, 2009. Stephanie Lancaster, the children's current caregiver, filed a motion to strike these petitions on August 21, 2009. The court struck Northrop's second petitions in intervention on August 25, 2009.

A month later and on the day before this case was set for trial on the merits, Northrop filed this action seeking mandamus

---

**2.** Our order lifting the stay on October 7, 2009 and overruling all outstanding motions remains in effect.

**3.** In all cases in which the court enters temporary orders appointing the Department as temporary managing conservator, the court must dismiss the SAPCR filed by the Department on the first Monday after the first anni-

versary of the temporary order unless trial is commenced on the merits. TEX. FAM.CODE ANN. § 263.401(a) (Vernon 2008). Pursuant to Section 263.401(a), when the trial judge granted this first emergency order, the one year deadline for dismissal began to run. *In re Tex. Dep't of Fam. & Prot. Servs.*, 210 S.W.3d 609, 612 (Tex.2006).

relief compelling the trial court to vacate its orders striking his petitions in intervention. Additionally, Northrop requested emergency relief to stay the trial, scheduled to begin on September 22, 2009. We granted an emergency stay on September 21, 2009.

Northrop argues that the trial court abused its discretion by striking his petitions in intervention. The Department responds that the trial court did not abuse its discretion because Northrop sought to intervene too near the dismissal deadline and that such an untimely intervention would jeopardize the trial with dismissal under the statutory deadlines.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *In re Dep't of Fam. & Prot. Servs.*, 273 S.W.3d 637, 643 (Tex.2009); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex.2003) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996)). With respect to factual issues, matters are committed to the trial court's discretion, and the reviewing court may not substitute its judgment for that of the trial court. *In re Parnham*, 263 S.W.3d 97, 101 (Tex.App.-Houston [1st Dist.] 2006, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)). The relator must establish that the trial court reasonably could have reached only one decision. *Id.* "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential*, 148 S.W.3d at 136.

Although mandamus is not an equitable remedy, its issuance is largely controlled by principles of equity. *In re Roxsane R.*, 249 S.W.3d 764, 771 (Tex. App.-Fort Worth 2008, orig. proceeding) (citing *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex.1999); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993)). One of these equitable principles is that "equity aids the diligent and not those who slumber on their rights." *Id.* (citing *Rivercenter Assocs.*, 858 S.W.2d at 367). Thus, mandamus relief may be denied when a party delays asserting its rights without justifiable explanation. *Id.* (citing *Rivercenter Assocs.*, 858 S.W.2d at 367).

## THE LAW

A trial court has discretion in deciding whether to strike an intervention in a SAPCR. Tex.R. Civ. P. 60. Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." *Id.*

Pursuant to the Family Code, the best interest of the child should be the primary consideration for the court in determining the issues of conservatorship and possession of and access to the child. Tex. Fam. Code Ann. § 153.002 (Vernon 2008). It is presumed that the prompt and permanent placement of the child in a safe environment is in the child's best interest. Tex. Fam.Code Ann. § 263.307 (Vernon 2008). Delay in the prompt and permanent placement of a child caused by the late filing of an intervention has been held sufficient cause for a trial court to strike an intervention in a SAPCR. *See In re C.A.L.*, No. 02–05–308–CV, 2007 WL 495195, at *8 (Tex.App.-Fort Worth Feb. 15, 2007, orig. proceeding)(mem. op.); *Oehlerich v. Tex. Dep't Prot. & Reg. Servs.*, No. 03–98–

00309–CV, 1999 WL 546970, at *2 (Tex. App.-Austin July 29, 1999, orig. proceeding)(not designated for publication).

In *In re C.A.L.*, a grandmother, who was designated as a conservator in an affidavit of relinquishment, petitioned to intervene fourteen months after the Department was appointed temporary managing conservator and just two months before the case was set for dismissal under the extended deadline. *In re C.A.L.*, 2007 WL 495195, at *8. In support of its motion to strike, the Department argued that because of the dismissal deadline approaching in six weeks, the Department had inadequate time and opportunity to investigate the appropriateness of the grandmother who was seeking to intervene. *Id.* On appeal, the court held it was not an abuse of discretion to strike the grandmother's petition in intervention filed two months before the dismissal date. *Id.* at *9.

Similarly, in *Oehlerich,* a grandmother petitioned to intervene eight months after the Department initiated the SAPCR and just two months before the case was set for trial. *Oehlerich,* 1999 WL 546970, at *1–2. The trial court granted the motion to strike, explaining that "intervention must be timely and should not be allowed when it would delay the cause, unless the intervenor demonstrates facts which justify tardiness in coming forward." *Id.* at *2. The Austin Court of Appeals held that it was not an abuse of discretion to strike the petition to intervene because the petition was untimely and the grandmother offered no evidence to justify her late intervention. *Id. at *2. The *Oehlerich* court notes,

> In the absence of a prescribed time, the issue of timeliness is governed by equitable principles and determined by the facts and circumstances of the particular case. Relevant factors may be the purpose for which intervention is requested; the point to which the suit has progressed and the time elapsed from its initiation; the length of time the applicant knew of his interest in the litigation; possible prejudice occasioned to existing parties by the delay; the applicant's interest and potential harm to that interest if intervention is denied; the reason for the applicant's delay; interference resulting to orderly trial processes if intervention is allowed.... Some of these factors are determinable without evidence; others, such as the length of time the applicant knew of his interest and his reason for delay, require evidence before they may be considered by the trial court in deciding whether to grant the application to intervene. The latter have particular relevance in the present case.

*Id.* at *2 n. 4 (citing 59 Am.Jur.2d *Parties* § 157, at 632–36 (1987)).

## ANALYSIS

█ In this case, the trial court did not abuse its discretion by striking Northrop's intervention because it was untimely. Just over two months before the trial date, on July 17, 2009, Northrop filed his first set of petitions to intervene in the SAPCR, based on affidavits of relinquishment signed by the parents of the children on July 2, 2009. The Department filed a motion to strike the petitions on August 5, 2009, and the trial court granted the motion to strike after a hearing on August 11, 2009. Rather than seeking mandamus relief at this time, Northrop filed a second set of petitions to intervene with the trial court on August 14, 2009, accompanied by affidavits of relinquishment signed by the parents on August 13, 2009. Again, a motion to strike these petitions was filed, which was granted by the trial court on August 25, 2009. Aware of the September 22, 2009 trial date and the October 31, 2009 absolute deadline, Northrop waited until the day before trial, twenty-seven days later, to seek a

writ of mandamus from this Court. Northrop never offered an explanation for his delay.

The October 31, 2009 deadline for trial of the case is absolute. The deadline is not tolled by a stay by our Court, a mistrial, or an agreement between the parties to extend the dismissal date. TEX. FAM.CODE ANN. § 263.401 (Vernon 2008); *In re Dep't of Fam. & Prot. Servs.*, 273 S.W.3d 637, 644 (Tex.2009) (holding grant of new trial after deadline required dismissal). Because the trial court has a duty to dismiss the case if trial on the merits is not commenced by October 31, 2009, allowing Northrop to intervene in this late stage of the case would put the case at serious risk of being dismissed. In the event that the case is dismissed, the children must be returned to their biological parents without a trial being held to determine the merits of the termination. *In re Dep't of Fam. & Prot. Servs.*, 273 S.W.3d at 644.

■ Because the Texas Family Code creates a presumption that the prompt and permanent placement of the child in a safe environment is in the child's best interest, we cannot say that the court abused its discretion in striking the petition in intervention. *See* TEX. FAM.CODE ANN. § 263.307 (Vernon 2008); *see also* TEX. FAM.CODE ANN. § 153.002 (Vernon 2008) (providing best interest of child should be primary consideration in determining issues of conservatorship and possession of and access to child). Considering the notice requirements of the Texas Rules of Civil Procedure and the lengthy process required by the Family Code in evaluating a potential placement,[4] we cannot conclude that the trial court abused its discretion because it could have found that the petition in intervention would jeopardize the prompt resolution of the termination hearing.

We also note that there was ample opportunity for the parents to suggest Northrop as a potential caregiver earlier in the case. The Texas Family Code requires parents to provide the Department with a list of names of relatives or family friends who could serve as caregivers for the children. TEX. FAM.CODE ANN. §§ 261.307(a)(2)(A)(ii), 262.114, 264.751(1) (Vernon 2008). The Department is required by law to evaluate the named individuals before the full adversary hearing. *Id.* § 262.114. The full adversary hearing in this case was May 13, 2008. The appropriate procedure for designating a relative caregiver would have been for the parents to provide the Department with Northrop's name and information at the inception of the case, so that the Department could have evaluated Northrop prior to the May 13, 2008 hearing. Despite the many opportunities to suggest Northrop for consideration, the parents waited fifteen months to designate him. We cannot say it was an abuse of discretion for the trial court to determine that it would be against the children's best interest to delay the

---

**4.** "Before placing a child with a proposed relative or other designated caregiver, the department must conduct an investigation to determine whether the proposed placement is in the child's best interest." TEX. FAM.CODE § 264.754 (Vernon 2008). Texas Family Code Section 262.114 sets out the procedure for evaluating an identified relative, requiring a background and criminal history check on all individuals and a homestudy on the most qualified individual. TEX. FAM CODE ANN.

§ 262.114(a) (Vernon Supp. 2009). To evaluate a proposed placement living out of state, the Department must also comply with the Interstate Compact on the Placement of Children. TEX. FAM.CODE ANN. § 162.102 (Vernon 2008). Before the placement can be made, the agency in the "receiving state" (the state of the proposed placement) must certify that the "placement does not appear to be contrary to the interests of the child." *Id.* (Art. III).

suit to evaluate Northrop at this late date, risking dismissal of the case.

Finally, Northrop contends that it is the desire of the parents (defendants in the underlying suit) that he be able to intervene into the case. In other words, he seems to be arguing that a party to the case seeks to bring him into the suit. However, Texas Rule of Civil Procedure 37 provides that, "[b]efore a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant upon such terms as the court may prescribe; *but not at a time nor in a manner to unreasonably delay the trial of the case.*" (Emphasis added.) Thus, this argument fails because as discussed above, the late intervention of Northrop would not be reasonable.

The trial court did not abuse its discretion in finding sufficient cause to grant the motions to strike Northrop's petitions to intervene.

### CONCLUSION

We deny the petition for writ of mandamus.