

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-10-073-CV**

IN THE INTEREST OF J.T.E.E.,
J.T.E, AND D.T.E., CHILDREN

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

# MEMORANDUM OPINION[1]

------------

The underlying proceeding involved a termination of parental rights. The final order of termination was signed on March 11, 2009. Almost seven months later, on October 7, 2009, Grandparents filed a petition in intervention. The Department filed a motion to strike the intervention, and the trial court granted the Department's motion. In its order striking the petition in intervention filed by Grandparents, the trial court stated that the petition was untimely because it was filed outside the ninety-day time frame allowed under section 102.006(c) of the Texas Family Code; thus, the trial court found that Grandparents lacked standing.

---

[1] *See* Tex. R. App. P. 47.4.

Grandparents are now attempting to appeal the "Order On The Department's Motion To Strike Intervention," which was signed February 25, 2010. The State has filed a motion to dismiss for lack of jurisdiction based on Grandparents' lack of standing. The certificate of conference states that the attorney for Grandparents is opposed to the motion, but Grandparents have not filed a response with this court opposing the State's motion to dismiss.

Texas Family Code section 102.006(c) allows a grandparent to file an original suit or a suit for modification requesting managing conservatorship of the child not later than the ninetieth day after the date that the parent-child relationship is terminated in a suit by the Department. Tex. Fam. Code Ann. § 102.006(c) (Vernon 2008). Here, Grandparents failed to file their petition in intervention within the ninety-day time frame and thus lacked standing to intervene. We therefore grant the State's motion to dismiss and dismiss this appeal. *See generally In re Northrop.*, Nos. 01-09-00814-CV, 01-09-00815-CV, 2009 WL 3327236, at *3–4 (Tex. App.—Houston [1st Dist.] Oct. 15, 2009, orig. proceeding) (stating that "[b]ecause the Texas Family Code creates a presumption that the prompt and permanent placement of the child in a safe environment is in the child's best interest, we cannot say that the court abused its discretion in striking the petition in intervention," which was untimely filed).

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: April 22, 2010

2