**In re Darla Lexington O'QUINN, Relator.**

**No. 01–11–00614–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 2011.

---

Cindy Lynn Rusnak, Michael Kerensky, Jimmy G. Williamson, Williamson & Rusnak, JoAnn Storey, JoAnn Storey, P.C., John L. Dagley, Justin M. Campbell, Kenneth J. Fair, Campbell Harrison & Dagley LLP, Michael David Olsen, Houston, TX, for relator.

Kathy D. Patrick, Robin C. Gibbs, Sydney Gibbs Ballesteros, Robert J. Madden, Laura J. Kissel, Gibbs & Burns, L.L.P., Donald B. McFall, McFall, Breitbeil & Smith P.C., Dale Jefferson, Martin, Disiere, Jefferson & Wisdom, L.L.P., Sarah Elizabeth Patel–Pacheco, Crain, Caton & James, P.C., Houston, TX, Phillip L. Ledbetter, Office of the Attorney General, Charitable Trust Section, Austin, TX, for Real Party in Interest.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

EVELYN V. KEYES, Justice.

Relator, Darla Lexington O'Quinn ("Darla"), complains of the trial court's order denying her motion in limine, plea to the jurisdiction, and motion to strike the petition in intervention of real party in interest, The John M. O'Quinn Foundation ("the Foundation").[1] She contends that the trial court erred in denying her motions because the Foundation, as the sole beneficiary under the decedent's will in an independent administration, does not have a justiciable interest in the underlying proceeding and thus lacks standing to assert its declaratory judgment claims.

We deny the petition for writ of mandamus.

## Background

On July 17, 2008, decedent John M. O'Quinn ("O'Quinn") executed a self-proving will. In this will, O'Quinn devised all of his personal effects to the Foundation, a charitable organization dedicated to providing funding to educational institutes, hospitals, and other charities. O'Quinn also devised the residue of his estate to the Foundation and provided that the Founda-

---

1. The Honorable Mike Wood, Judge of the Probate Court No. 2 of Harris County, Texas, Respondent. The underlying lawsuit is *T. Gerald Treece, Independent Executor of the Estate of John M. O'Quinn, Deceased v. Darla Lexington, The John M. O'Quinn Foundation, and Hartford Financial Services Group, Inc.*, 392,247–402 (Prob. Ct. No. 2, Harris Cnty., Tex.).

tion would receive any assets remaining in the O'Quinn Law Firm Testamentary Trust after the trustees dissolved the law firm and sold or transferred the firm's assets. The will specifically recited that at the time of execution O'Quinn was unmarried, and the will did not include any devises or bequests in favor of Darla.

O'Quinn died in a car accident on October 29, 2009. The Probate Court Number 2 of Harris County admitted the will to probate on November 17, 2009, appointed T. Gerald Treece as independent executor ("the Executor"), and issued letters testamentary.

On April 16, 2010, the Foundation intervened in the ongoing probate proceeding. The Foundation's petition in intervention listed only the Foundation and the Executor as parties; it did not name Darla as a party. The Foundation alleged that at the time of his death, O'Quinn was neither formally nor informally married. The Foundation sought declarations that: (1) O'Quinn was not married, either formally or informally, at the time of his death; (2) no children were born to or adopted by O'Quinn after he executed his will; (3) O'Quinn devised all personal effects under the will to the Foundation; (4) O'Quinn devised all remaining property under the will to the Foundation; and (5) the Foundation is the sole residual beneficiary of the O'Quinn Law Firm Testamentary Trust.

On July 7, 2010, the Executor filed a petition for declaratory judgment and named Darla, the Foundation, and Hartford Financial Services Group, Inc., the holder of the proceeds of O'Quinn's 401(k) plan, as defendants. In his petition, the Executor stated that, "It is anticipated

that the Foundation will intervene in this matter." The Executor alleged that, although O'Quinn and Darla had dated for several years, O'Quinn never married her and, thus, was single when he died. The Executor sought, among other things, declarations from the trial court that: (1) O'Quinn never married Darla and (2) O'Quinn did not gift any art or cars to Darla except for the items for which the Executor had already paid the required gift taxes.

. On July 8, 2010, Darla sued the Executor in the 125th District Court of Harris County "for the return and delivery of property that belongs to Darla Lexington as a result of her community property interests acquired by marriage, and received by gifts" and asserted causes of action for breach of fiduciary duty, negligence, tortious interference, and conversion. Darla also sought the imposition of a constructive trust against the Estate and applied for a temporary restraining order to prevent the Executor from "proceeding with the auction of any property belonging to Darla Lexington." Darla contended that she and O'Quinn had informally married in 2003, that O'Quinn had made several inter vivos gifts to her of personal property and classic cars, and that O'Quinn had promised her that "he would provide for her welfare in the event something was to happen to him" and that she "did not need to worry about living expenses." Darla sought, among other things, preliminary and permanent injunctive relief to prevent the sale of her property, a declaration that she and O'Quinn had informally married, and receipt of one-half of the community estate.[2]

**2.** In her ninth amended original petition, which is her live pleading, Darla specified that she was seeking, among other things: (1) title and possession of all cars promised to

her by O'Quinn; (2) $20 million in cash that O'Quinn had promised her upon his death; (3) the fair market value of 750 acres of O'Quinn's Hays County ranch; (4) the value

Four days later, the Foundation filed an amended petition in intervention in the Executor's suit for declaratory relief, this time naming Darla as a defendant. The Foundation again sought declarations that: (1) O'Quinn was not married at the time of his death; (2) no children were born to or adopted by O'Quinn after he executed his will; (3) all of O'Quinn's personal effects were devised under the will to the Foundation; (4) those personal effects included all right, title, and interest in O'Quinn Land & Cattle Co., the O'Quinn River Ranch, and Classy Classic Cars, Ltd., and all cars purchased through or titled in the name of Classy Classic Cars, Ltd.; (5) O'Quinn devised all remaining property to the Foundation; and (6) the Foundation is the sole residual beneficiary of the O'Quinn Law Firm Testamentary Trust.

The probate court subsequently issued an order pursuant to Probate Code section 5B transferring Darla's lawsuit to it from the 125th District Court and consolidating her suit with the Executor's and the Foundation's petitions for declaratory relief.

In her answer to the Foundation's amended petition in intervention, Darla asserted, by verified denial, that the Foundation lacks the capacity to intervene because only the Executor has the right to seek declaratory relief regarding the alleged marriage and alleged gifts made to Darla by O'Quinn. Darla also asserted that the Foundation lacks standing to pursue its claims because it does not have a justiciable interest "in the outcome of this litigation."

On May 10, 2011, Darla filed a motion in limine, plea to the jurisdiction, and motion to strike the Foundation's petition in intervention. Darla again asserted that the trial court lacks subject-matter jurisdiction over the Foundation's petition in intervention because the Foundation "lacks the requisite interest, standing, and capacity to participate in this matter." Darla argued that the Executor, who virtually represents all beneficiaries under the will, is the sole party who has the right to prosecute and defend lawsuits on behalf of the Estate. Darla also contended that the Executor, as the representative of the Estate, is the only party who has a justiciable interest in the claims being litigated. Darla further contended that the Executor could adequately protect the Foundation's interests, and thus its intervention was not necessary.

At a hearing, the trial court denied Darla's motions. The court reasoned that "[i]f [the Foundation] was not a party to the decision as to whether or not Ms. Lexington was common-law spouse, I think they would have a sufficient interest to come back in and try it again." This mandamus proceeding followed.

## Standard of Review

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 422 (Tex.2010) (per curiam). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.,* 124 S.W.3d 149, 151 (Tex.2003) (per curiam). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex.2004). Mandamus relief is permissible when a trial court abuses its

of all gifts from O'Quinn that became her separate property and were wrongfully converted by the Executor; (5) one-half of the

community estate; and (6) the value of a life estate in O'Quinn's River Oaks residence, which she contends was their homestead.

discretion by erroneously denying a motion to strike a petition in intervention. *See In re Union Carbide Corp.*, 273 S.W.3d 152, 156–57 (Tex.2008) (per curiam).

We must uphold a trial court's decision on any grounds that are before the court and supported by the record. *See Guar. Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986) (per curiam) ("We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment."). "This approach is even more compelling in a mandamus proceeding where the issue is abuse of discretion. A trial court cannot abuse its discretion if it reaches the right result...." *Luxenberg v. Marshall*, 835 S.W.2d 136, 142 (Tex.App.-Dallas 1992, no writ).

## Foundation's Standing to Assert Claims

Darla contends that the Foundation lacks a justiciable interest in the underlying proceedings and, thus, lacks standing to assert its claims for declaratory relief. The Foundation contends that it has a justiciable interest because if Darla succeeds on her claims and the fact-finder determines that she was informally married to O'Quinn and that he made several gifts to her, this result diminishes the size of the estate passing to the Foundation under the will. The Foundation also contends that, as a devisee, it may permissibly seek declaratory relief to "determine any question arising in the administration of the ... estate" under Civil Practice and Remedies Code section 37.005(3). We agree with the Foundation.

### A. *Justiciable Interest*

Texas Rule of Civil Procedure 60 authorizes a party with a justiciable interest in a pending suit to intervene as a matter of right. Tex.R. Civ. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."); *In re Union Carbide*, 273 S.W.3d at 154. To constitute a justiciable interest, "[t]he intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought' in the original suit." *In re Union Carbide*, 273 S.W.3d at 155 (quoting *King v. Olds*, 71 Tex. 729, 12 S.W. 65, 65 (1888)). "[A] party may intervene if the intervenor could have 'brought the [pending] action, or any part thereof, in his own name.'" *Id.* (quoting *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990)); *Harris Cnty. v. Luna–Prudencio*, 294 S.W.3d 690, 699 (Tex.App.-Houston [1st Dist.] 2009, no pet.).

The Uniform Declaratory Judgments Act ("UDJA") is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). A declaratory judgment is appropriate only if (1) a justiciable controversy exists regarding the rights and status of the parties and (2) the declaration sought will resolve the controversy. *Di Portanova v. Monroe*, 229 S.W.3d 324, 329 (Tex. App.-Houston [1st Dist.] 2006, pet. denied). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Id.; see also In re Estate of Webb*, 266 S.W.3d 544, 548 (Tex.App.-Fort Worth 2008, pet. denied) ("This inter-

est must be more than 'a mere contingent or remote interest.' The intervenor has a justiciable interest in a lawsuit 'when his interests will be affected by the litigation.' ") (quoting *Law Offices of Windle Turley, P.C. v. Ghiasinejad,* 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet.)). A court does not have the power to "pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy." *Di Portanova,* 229 S.W.3d at 330. If a justiciable controversy does not exist, the court must dismiss the case for lack of subject-matter jurisdiction. *Id.*

▮ Under Probate Code section 37, "[w]hen a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will ... shall vest immediately in the devisees or legatees of such estate...." TEX. PROB.CODE ANN. § 37 (Vernon 2003); *see also Nowlin v. Frost Nat'l Bank,* 908 S.W.2d 283, 288 (Tex.App.-Houston [1st Dist.] 1995, no writ) ("[U]nder the Probate Code, title to property vests in the beneficiary immediately upon a testator's death."). During the administration of the estate, the testator's executor holds legal title to estate assets and retains the right of possession, but the devisees hold the equitable title to the assets. *See* TEX. PROB.CODE ANN. § 37; *see also Bailey v. Cherokee Cnty. Appraisal Dist.,* 862 S.W.2d 581, 584 (Tex.1993) ("[I]t is true that the heirs hold equitable title to estate property"); *Nowlin,* 908 S.W.2d at 288 ("A 'vested interest' is a present right or title to a thing, which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future.").

In *In re Estate of York,* the Corpus Christi Court of Appeals addressed the factually analogous situation of whether a beneficiary's executor had standing to intervene in an heirship proceeding. 934 S.W.2d 848 (Tex.App.-Corpus Christi 1996, writ denied). Charles York's will provided that all of his assets were to be placed in a testamentary trust for the benefit of his mother, Myrtle, for her life, and were then to pass to the Mallettes, who ultimately disclaimed their interest in the assets. *Id.* at 849. Several years after York died and the Mallettes disclaimed their interest, Kristopher Gostecnik brought an heirship proceeding, alleging that he was York's illegitimate son and only heir, and thus was entitled to the remainder of the trust assets. *Id.* Myrtle intervened to assert her own claims as York's sole heir, but she died before the conclusion of the heirship proceeding. *Id.* As a result, her executor, the Victoria Bank, sought to pursue her claim in intervention on behalf of her estate. *Id.* The trial court ruled that the bank was not an interested party in Charles York's estate, concluded that the bank lacked standing to intervene in the heirship proceeding, and struck Myrtle's petition in intervention. *Id.*

In reversing the trial court's ruling, the Corpus Christi Court of Appeals concluded that Myrtle, as a potential heir, was a person interested in Charles York's estate and thus had standing to contest the heirship claims. *See id.* at 850. The court then noted that Myrtle's estate "may be augmented or diminished by the outcome of Gostecnik's heirship proceeding." *Id.* Thus, "[b]ecause Myrtle York's estate could benefit from such a contest, we hold that Victoria Bank as executor of Myrtle York's estate has standing to contest Gostecnik's claims in the proceeding to declare heirship." *Id.* The court further distinguished between the bank's capacity as executor of Charles York's estate and its capacity as executor of Myrtle York's estate:

Charles York's estate does not stand to gain or lose anything by Gostecnik's heirship proceeding; the disposition of the estate's assets may be affected, but the gross assets will be unaffected. In contrast, Myrtle York's estate will be affected by the outcome of Gostecnik's heirship proceeding.

*Id.* at 851.

Darla cites our previous opinion in *Wilder v. Mossler*, 583 S.W.2d 664 (Tex.Civ. App.-Houston [1st Dist.] 1979, no writ), for the proposition that lawsuits seeking to establish the decedent's liability on a claim are properly brought against the personal representative of the estate and that heirs and devisees are not necessary and proper parties to such claims. We first note that, unlike in this case, the heir in *Wilder* sought a jury trial to oppose the settlement of a claim against the estate but asserted no claims for affirmative relief in her own right. *Id.* at 668. Second, we agree with the Foundation that, as in *Lieber v. Mercantile National Bank at Dallas*, Darla's claims are not a "routine suit to establish a claim against the estate," but are instead more like "a suit attacking and seeking to reform a will." 331 S.W.2d 463, 472 (Tex.Civ.App.-Dallas 1960, writ ref'd n.r.e.).

In *Lieber*, the widow, who was a beneficiary under the decedent's will, sought a declaratory judgment to establish an antenuptial agreement that the decedent had allegedly made to provide financially for the widow for the rest of her life. *Id.* at 466–67. The executor sought a declaration that no such agreement existed, and he named the decedent's four sisters, who were the beneficiaries of the bulk of the decedent's estate under the will, as necessary parties. *Id.* at 466. The Dallas Court of Civil Appeals, in affirming the trial court's denial of the widow's motion to dismiss the sisters as parties, held that Lieber's suit "was really an attack on the will of [the decedent]" because "the effect of sustaining her claim would be to defeat and prevent the full effect and operation of other parts of the will." *Id.* at 472, 471. The court also held that, because resolution of the widow's claims would affect their interests as legatees, the sister-beneficiaries were proper parties to the suit. *Id.* at 473. Similarly, by contending that she was informally married to O'Quinn and that he had made numerous gifts to her and had promised to take care of her financially after his death, Darla essentially attacks the provisions of O'Quinn's will that (1) state that he was unmarried, and (2) leave all of his personal effects and remaining property to the Foundation as the sole beneficiary.

■ As the sole beneficiary under O'Quinn's will, the Foundation has a vested interest in property owned by O'Quinn, subject to possession and administration by the Executor, as of the moment of death. By contending that she was O'Quinn's common-law spouse, and thus entitled to a community property interest, and that O'Quinn had made several inter vivos gifts and promises to her, Darla seeks to significantly reduce the total amount of assets that are part of O'Quinn's probate estate. The Foundation opposes Darla's claims and argues that she has no community property interest in estate assets because she was not married to O'Quinn and that O'Quinn never made any gifts or financial promises to Darla. If she is successful, the determination that Darla has a one-half community interest and that particular assets belong to her reduces the gross assets available for the Estate, which affects the total amount of assets to be distributed to the Foundation as the sole beneficiary under O'Quinn's will. *See Lieber*, 331 S.W.2d at 473 ("This suit also involves that executor's cross-action for de-

claratory judgment which we have held the executor was entitled to remain. Since their interest would be affected as legatees the Four Sisters are proper parties.").

We therefore conclude that a "real and substantial controversy involving a genuine conflict of tangible interests" exists between the Foundation and Darla and that this dispute is not merely theoretical, hypothetical or contingent. *See Di Portanova*, 229 S.W.3d at 329. We hold that the Foundation has a justiciable interest in the underlying proceeding.

### B. Applicability of Civil Practice and Remedies Code Section 37.005(3)

Civil Practice and Remedies Code section 37.005(3) provides:

A *person interested as* or through an executor or administrator, including an independent executor or administrator, a trustee, guardian, other fiduciary, creditor, *devisee, legatee,* heir, next of kin, or cestui que trust in the administration of a trust or of the estate of a decedent, an infant, mentally incapacitated person, or insolvent *may have a declaration of rights or legal relations in respect to the trust or estate:*

. . . .

(3) to determine *any question arising in the administration of the* trust or *estate,* including questions of construction of wills and other writings. . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 37.005(3) (Vernon 2008) (emphasis added). Under this section, devisees "are among the classes of persons who are given the power to seek a declaration of rights with respect to the estate to, among other things, determine any question arising in the administration of the estate. . . ." *In re Estate of Bean,* 120 S.W.3d 914, 918 (Tex.App.-Texarkana 2003, pet. denied) (holding that devisees in independent administration have

power to seek declaration concerning construction of decedent's will).

The plain language of section 37.005(3) allows a devisee to seek a declaration of rights or legal relations to determine "*any question* arising in the administration" of an estate. TEX. CIV. PRAC. & REM.CODE ANN. § 37.005(3) (emphasis added). The statutory language of this section does not include any limitations on the types of questions on which an interested party may seek a declaration by the trial court. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999) (noting that, when interpreting statute, we start with plain language because "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent"). Darla cites no authority holding that a devisee may not seek declarations under this section that a purported widow was not married, either formally or informally, to the decedent and that the decedent did not make certain inter vivos gifts and financial promises to the purported widow.

Darla cites numerous cases for the proposition that, except in certain limited situations, the personal representative has the exclusive right to sue and defend on behalf of the estate. *See Chandler v. Welborn,* 156 Tex. 312, 294 S.W.2d 801, 806 (1956); *Burns v. Burns,* 2 S.W.3d 339, 342 (Tex.App.-San Antonio 1999, no pet.); *Glover v. Landes,* 530 S.W.2d 910, 911 (Tex. Civ.App.-Houston [1st Dist.] 1975, writ ref'd n.r.e.). As the Foundation notes, this line of cases is limited to situations in which the heirs or devisees are suing to *recover or collect* property belonging to the estate. *See, e.g., Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 850–51 (Tex.2005) (survival action for personal injury); *Chandler,* 294 S.W.2d at 804 (suit for trespass to try title to recover property

conveyed to third party); *see also Roach v. Rowley,* 135 S.W.3d 845, 847 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (holding that general rule did not apply in suit in which devisee objected to final accounting because "[devisee] was not filing a lawsuit to recover property belonging to the estate"). Here, the Foundation is not asserting a claim against Darla alleging, for example, that she owes money to O'Quinn's Estate or that Darla is wrongfully possessing property that belongs to the Estate; instead, it is seeking, among other things, a declaration to resolve the question of whether property properly belongs to the Estate, and thus passes to the Foundation under O'Quinn's will, or to Darla. Civil Practice and Remedies Code section 37.005(3) specifically authorizes a devisee, such as the Foundation, to bring a declaratory relief action such as this one. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.005(3) (allowing devisee to seek declaration of rights or legal relations to "determine any question arising in the administration of the ... estate"). Darla cites no authority supporting a contention that the general rule that only the personal representative may maintain a suit to recover estate assets trumps the Foundation's statutory right as a beneficiary to seek a declaration resolving a question arising during the administration of the estate that involves the proper ownership of purported estate assets.

We conclude that the Foundation, as the devisee under O'Quinn's will, may permissibly seek declaratory relief pursuant to Civil Practice and Remedies Code section 37.005(3) to determine "any question arising in the administration" of O'Quinn's estate, including questions of whether O'Quinn and Darla were married and whether O'Quinn made gifts and financial promises to Darla. We therefore hold that because the Foundation may seek declaratory relief under this section, the trial court did not abuse its discretion in denying Darla's motion in limine, plea to the jurisdiction, and motion to strike the Foundation's petition in intervention.[3]

## Conclusion

We deny the petition for writ of mandamus.

---

3. Because we hold that the Foundation has standing to pursue its own declaratory relief claims under Civil Practice and Remedies Code section 37.005(3), we do not address the Foundation's additional grounds for standing. We also note that although Darla argues that, under Civil Practice and Remedies Code section 37.006, the Foundation is not a necessary party to the Executor's declaratory relief claims, in which the Executor named the Foundation as a defendant, she seeks only to dismiss the Foundation's own declaratory relief claims in its petition in intervention. She does not challenge, either in the trial court or in this mandamus proceeding, the Executor's declaratory relief claims.