**Opinion filed December 13, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00323-CV

_____

## IN RE RANDALL ELLIOTT

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relator, Randall Elliott, has filed in this court an original mandamus proceeding seeking to compel the judge of the 326th District Court of Taylor County, the Honorable Aleta Hacker, to vacate her order of July 29, 2013. In that order, Judge Hacker denied Relator's motion to dismiss the underlying proceeding—trial court cause no. 07244-CX—a parental termination case filed by the real party in interest, the Department of Family and Protective Services. In the order, Judge Hacker determined that dismissal was not required by Section 263.401 of the Texas Family Code. TEX. FAM. CODE ANN. § 263.401 (West 2008). We disagree and conditionally grant Relator's petition for writ of mandamus.

We first address an issue raised in the Department's response to the petition: res judicata. Relator previously filed a similar petition for writ of mandamus in this court. We denied that petition without "evaluating the merits of Relator's complaints" because Relator failed to include the reporter's record from the hearing on his motion to dismiss. *In re Elliott*, No. 11-13-00314-CV, 2013 WL 5777028 (Tex. App.—Eastland Oct. 24, 2013, orig. proceeding) (mem. op.). We disagree with the Department's contention that our denial of Relator's first petition acts as a bar to the filing of another petition for writ of mandamus in this court or to the relitigation of matters addressed in the first petition. As we expressly stated in our opinion denying Relator's first petition, we did not reach the merits of that petition. Nor did we deny that petition with prejudice. We note that the Department concedes that, if res judicata does not bar this court's consideration of Relator's second petition for writ of mandamus, the petition has merit. The Department agrees that the statutory deadline under Section 263.401 had passed and that Relator's timely filed motion to dismiss should have been granted.

Section 263.401(a) provides that a parental termination suit shall be dismissed unless trial on the merits has commenced by the Monday following one year from the date of the temporary order appointing the Department as managing conservator. Pursuant to Section 263.401(b), one 180-day extension may be granted. "If the court grants an extension but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b)." *Id.* § 263.401(c).

In the underlying proceeding, the Department filed a petition seeking to terminate Relator's parental rights. The Department was appointed temporary managing conservator on October 7, 2011. The judge set the original dismissal

date at October 8, 2012. With a subsequent 180-day extension, the mandatory dismissal date was moved to April 6, 2013. Trial on the merits commenced on March 19, 2013, but resulted in a mistrial. Relator filed a motion to dismiss on June 6, 2013, which the trial court denied on July 29, 2013. Trial on the merits is currently set for December 16, 2013. The earlier trial that commenced prior to the deadline did not extend the deadline because that trial resulted in a mistrial. *See In re Northrop*, 305 S.W.3d 172, 177 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (stating that the Section 263.401 deadline is not tolled by a mistrial).

The statutory dismissal deadline is mandatory, and mandamus is appropriate if a trial court denies a timely motion to dismiss filed pursuant to Section 263.401. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 643–45 (Tex. 2009) (orig. proceeding); *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609 (Tex. 2006) (orig. proceeding). The trial court in this case abused its discretion when it denied Relator's motion to dismiss. We note that a dismissal under Section 263.401 is without prejudice and does not prohibit the Department from filing another petition to terminate parental rights. *In re M.N.G.*, 147 S.W.3d 521, 528 (Tex. App.—Fort Worth 2004, pet. denied).

We conditionally grant a writ of mandamus. The Honorable Judge Aleta Hacker is directed to vacate her order of July 29, 2013, and to dismiss the underlying proceeding without prejudice as required by Section 263.401 of the Family Code. A writ of mandamus will issue only if Judge Hacker fails to act by January 10, 2014.

PER CURIAM

December 13, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.