**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00022-CV

————————————

**STEVE DIDMON, Appellant**

**V.**

**AMERICAN ARBITRATION ASSOCIATION, INC. AND FRONTIER DRILLING USA, INC. N/K/A PARAGON OFFSHORE USA INC., Appellees**

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2015-29863

## MEMORANDUM OPINION

After the American Arbitration Association declined to hear Steve Didmon's claims in its forum, Didmon sued the Association for declaratory relief. Frontier Drilling USA, Inc., the prospective defendant in the arbitration proceeding, intervened in the suit. Didmon moved to strike Frontier's plea in intervention. The

trial court denied the motion, and the Association and Frontier moved for summary judgment. The trial court then granted summary judgment to both.

On appeal, Didmon contends that the trial court erred by (1) denying his motion to strike Frontier's intervention; and (2) granting summary judgment to the Association on the basis of arbitral immunity. Because Frontier demonstrated a justiciable interest in the suit, we hold that the trial court did not abuse its discretion in refusing to strike Frontier's intervention. Didmon does not challenge the trial court's summary judgment in favor of Frontier. Because the trial court's summary judgment in favor of Frontier moots Didmon's lawsuit against the Association, we vacate the judgment in the Association's favor and dismiss the claims against it. We affirm the judgment in all other respects.

## BACKGROUND

Didmon sued Frontier and related Frontier entities in state court, seeking to recover damages for personal injuries that he suffered in an accident that occurred on a Frontier drilling rig located offshore of Singapore. Based on an arbitration agreement between Didmon and one of the Frontier entities, the defendants removed the state court suit to federal district court. The defendants based their removal on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *See* 9 U.S.C. §§ 201–08. Didmon moved to remand the case. In federal court, he argued that the arbitration agreement was not enforceable and did not provide a basis

2

for federal jurisdiction under the Convention. The federal district court agreed with Didmon that the agreement was unenforceable because it lacked a Frontier signatory, and it remanded the suit to state court. *Didmon v. Frontier Drilling (USA)*, No. 11–2051, 2012 WL 951544, at *2–4 (S.D. Tex. Mar. 19, 2012).

On remand from the federal court, Frontier and the other defendants again moved to compel arbitration under a second arbitration clause. This clause was contained in Didmon's employment agreement and required arbitration in Singapore. The trial court denied the motion, and the defendants appealed. Our court reversed and remanded for further proceedings. *FD Frontier Drilling (Cyprus) v. Didmon*, 438 S.W.3d 688, 694–97 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

On remand from our court, the trial court dismissed Didmon's suit without prejudice. The court's dismissal order provided that, if Didmon did not initiate arbitration within 60 days, the defendants could raise any limitations defense they might have in any later-filed arbitration.

Didmon initiated arbitration in Singapore pursuant to the agreement, but he did not make a claim in that proceeding against Frontier. Didmon instead demanded arbitration with the American Arbitration Association, naming Frontier as the defendant. Didmon relied on the arbitration agreement that the federal district court had found to be unenforceable.

The Association administratively refused Didmon's arbitration claim before appointing an arbitrator. Didmon then filed this lawsuit against the Association, seeking to set aside the administrative denial and to compel the Association to appoint an arbitrator to decide questions of jurisdiction and enforceability of the agreement. Didmon maintained that the Association violated its own rules by administratively refusing his arbitration request because an arbitrator must decide enforceability and jurisdiction of a demand in arbitration based on an arbitration clause. The Association answered and moved for summary judgment, contending that arbitral immunity shielded it from Didmon's suit.

Frontier filed a plea in intervention. It contended that the federal district court's decision holding the arbitration agreement to be unenforceable collaterally estopped Didmon from compelling arbitration under that agreement. Frontier also maintained that the three-year statute of limitations for maritime torts barred Didmon from initiating proceedings against it.

Didmon moved to strike the plea in intervention, arguing that Frontier lacked a justiciable interest in his lawsuit against the Association. He conceded that Frontier would be a party to any resulting arbitration, but asserted that it lacked an interest in his suit against the Association, which sought limited relief in the form of appointment of an arbitrator.

The trial court denied Didmon's motion. Later, it granted summary judgment to both Frontier and the Association.

## DISCUSSION

On appeal, Didmon contends that the trial court abused its discretion in denying his motion to strike Frontier's plea in intervention, and thus we must reverse the trial court's order denying his motion to strike and vacate the summary judgment in Frontier's favor. Didmon further contends that the trial court erred in granting summary judgment for the Association.

## I. The trial court did not err in refusing to strike Frontier's plea in intervention.

Didmon contends that a trial court has no discretion to deny a motion to strike when the intervenor lacks a justiciable interest in the lawsuit. He asserts that Frontier lacked a justiciable interest in this suit because Didmon seeks relief from the court to correct the Association's misapplication of its procedural rules, but does not seek relief against Frontier.

### A. Applicable Law

A party may intervene in a lawsuit by filing a pleading, which the trial court may strike for sufficient cause. TEX. R. CIV. P. 60. We review a trial court's denial of a motion to strike for abuse of discretion. *In re Northrop*, 305 S.W.3d 172, 175 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding). A justiciable interest in the subject of the suit is what separates those who may intervene from those who

5

may not.  *In re Union Carbide Corp.*, 273 S.W.3d 152, 154–55 (Tex. 2008) (per curiam); *Harris Cty. v. Luna-Prudencio*, 294 S.W.3d 690, 699 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  If the intervenor has a justiciable interest in the suit, then a trial court ordinarily does not abuse its discretion in denying a motion to strike. *E.g.*, *In re O'Quinn*, 355 S.W.3d 857, 865–66 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding).  In general, an intervenor has a justiciable interest if the intervenor could have filed the same suit or some part of it in its own name, or, if the suit had been filed against the intervenor, it could defeat the recovery sought in whole or part. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *Ray Ferguson Interests, Inc. v. Harris Cty. Sports & Convention Corp.*, 169 S.W.3d 18, 25 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  An intervenor has a justiciable interest in a lawsuit even if the plaintiff could not have directly filed suit against it "if a judgment for the plaintiff may lead to an action against the intervenor." *Evan's World Travel v. Adams*, 978 S.W.2d 225, 234–35 (Tex. App.—Texarkana 1998, no pet.); *accord Zeifman v. Michels*, 229 S.W.3d 460, 467 (Tex. App.—Austin 2007, no pet.).

### B.    Analysis

Didmon sought to require the Association to appoint an arbitrator to decide whether the arbitration agreement with Frontier was enforceable and whether the Association had jurisdiction over his personal-injury claims against Frontier.  In its

plea in intervention, Frontier alleged that it had a justiciable interest in the suit because Didmon sought to compel the Association to arbitrate Didmon's claims against Frontier, but two defenses—collateral estoppel and limitations—defeat Didmon's arbitration demand. Frontier moved for summary judgment based on both of these defenses.

Although Didmon did not name Frontier as a defendant in this state court suit, a judgment in his favor would have resulted in an arbitral proceeding against Frontier. Didmon does not contend otherwise, but contends that the defenses Frontier asserted in its summary judgment motion should be decided by the Association's arbitrator. Because a judgment for Didmon would require Frontier to appear in the resulting arbitration and defend itself, Frontier has a justiciable interest in Didmon's action against the Association. *Zeifman*, 229 S.W.3d at 467; *Evan's World Travel*, 978 S.W.2d at 234–35. Accordingly, the trial court did not err in denying Didmon's motion to strike Frontier's plea in intervention. *See In re O'Quinn*, 355 S.W.3d at 865–66.

## II. Frontier's summary judgment moots Didmon's suit against the American Arbitration Association.

Didmon does not oppose the trial court's summary judgment in favor of Frontier on either of the grounds that Frontier raised in its motion. Because we have rejected Didmon's procedural challenge, that is, the challenge to Frontier's intervention, we affirm the trial court's summary judgment in favor of Frontier. *See*

7

*Nall v. Plunkett*, 404 S.W.3d 552, 556 (Tex. 2013) (per curiam) (holding that, when procedural challenge is rejected on appeal, appellate court must affirm otherwise unchallenged summary judgment).

The summary judgment in favor of Frontier renders Didmon's suit against the Association moot. There must be a genuine controversy between the parties in every phase of a lawsuit, including any appeal. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162, 166–67 (Tex. 2012); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Didmon's suit against the Association seeks to compel it to appoint an arbitrator to decide whether the arbitration agreement between Didmon and Frontier is enforceable. The trial court's summary judgment in favor of Frontier, however, determined that Didmon could not compel arbitration against Frontier, resolving the arbitrability issue. Because Didmon has not challenged that ruling, his appeal against the Association presents no justiciable issue. *See Heckman*, 369 S.W.3d at 162, 166–67; *Williams*, 52 S.W.3d at 184. Accordingly, we vacate the trial court's summary judgment in favor of the Association and dismiss Didmon's suit against it. *See Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 153 (Tex. 2007) (vacating judgment with respect to one of multiple parties and dismissing his mooted case).

## CONCLUSION

We hold that the trial court acted within its discretion in denying Didmon's motion to strike Frontier's intervention. We further hold that the trial court's summary judgment in favor of Frontier moots Didmon's appeal of the trial court's summary judgment favoring the Association. Therefore, we affirm the portion of the trial court's judgment in Frontier's favor, vacate the summary judgment in the Association's favor, and dismiss Didmon's suit against the Association.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.