ACCEPTED
12-14-00256-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/12/2015 4:11:57 PM
CATHY LUSK
CLERK

## No. 12-14-00256-CV

## IN THE COURT OF APPEALS
## FOR THE TWELFTH JUDICIAL DISTRICT
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/12/2015 4:11:57 PM
CATHY S. LUSK
Clerk

**TROY W. SIMMONS, D.D.S., P.C. AND TROY W. SIMMONS, D.D.S.,**
*Appellants*,

v.

## TEXAS HEALTH AND HUMAN SERVICES COMMISSION,
*Appellee*.

On Appeal from the County Court at Law No. 2, Gregg County, Texas
Cause No. 2014-933-CCL2
## APPELLEE'S BRIEF

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

JENNIFER L. HOPGOOD
State Bar No. 24073010
Administrative Law Division
RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
Assistant Attorneys General
P. O. Box 12548
Austin, TX 78711-2548
Attorneys for
Texas Health and Human Services
Commission, Office of Inspector General

*Oral Argument Requested*

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel.

| **Plaintiffs/Appellants** | **Trial and Appellate Counsel** |
|---|---|
| Troy W. Simmons, D.D.S., P.C. and Troy W. Simmons, D.D.S. | Joseph R. Willie<br>Willie & Associates, P.C.<br>4151 Southwest Freeway,<br>Suite 490<br>Houston, Texas 77027 |
| **Defendant/Appellee** | **Trial and Appellate Counsel** |
| Texas Health and Human Services Commission | **Office of the Attorney General**<br>Jennifer L. Hopgood<br>Administrative Law Division<br>Raymond C. Winter<br>Chief, Civil Medicaid Fraud Division<br>Assistant Attorneys General<br>P.O. Box 12548<br>Austin, TX 78711-2548 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITIES............................................................................ iv

STATEMENT OF THE CASE......................................................................... ix

ISSUE PRESENTED - CORRECTED.............................................................x

APPELLEE'S BRIEF ....................................................................................1

STATEMENT OF FACTS .............................................................................2

    **The Parties**...............................................................................................2

    **HHSC-OIG's administrative enforcement actions to combat waste, fraud, and abuse** ................................................................................................3

    **Failure to Appeal Final Notice of Overpayment** ................................5

    **Separate Payment Hold Proceeding against Dr. Simmons** ...............7

    **Applying Payment Hold Monies to Satisfy Final Overpayment Debt** ............8

    **Attack on Agency's Final Determination**............................................9

SUMMARY OF THE ARGUMENT .............................................................10

STANDARD OF REVIEW ...........................................................................13

ARGUMENT ................................................................................................13

    **I.   The trial court properly granted HHSC's Plea to the Jurisdiction.**........13

        **A.   Sovereign immunity bars suit, and Dr. Simmons fails to argue** ........13
        **waiver.** ...............................................................................................13
        **1.   Improper Suit for Judicial Review**........................................15
        **2.   Improper Attempt to Control State Action** .........................16

**3.** **HHSC's discretionary authority to turn overpayment sanction into a final debt** ...............................................................................................16

**B.** **Simmons failed to exhaust his administrative remedies and now** .....20
**seeks a collateral attack on a final agency decision.** ....................................20

**C.** **Dr. Simmons' UDJA claim, even if valid, could not confer jurisdiction on a trial court and would result only in an advisory opinion.** 24

**1.** **Independent Jurisdiction Not Conferred**...........................................24
**2.** **Advisory Opinion** ................................................................................25

**II.** **Dr. Simmons' Purported Issue No. 2 is not properly before the Court.** 27

CONCLUSION AND PRAYER .............................................................................27

CERTIFICATE OF COMPLIANCE......................................................................29

CERTIFICATE OF SERVICE ..............................................................................29

APPENDIX ............................................................................................................30

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991).....................22

*AVCO Corp.* v. *Interstate Sw., Ltd.,* 251 S.W.3d 632, 663 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ...............................................................31

*Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 173 (Tex. App.—Austin 2013, no pet.).....................................................................................17

*Billings v. Concordia Heritage Assoc.*, 960 S.W.2d 688, 693 (Tex. App.—El Paso 1997, writ denied) ...............................................................................33

*Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000) ......................... 25, 26

*City of Athens v. MacAvoy*, 260 S.W.3d 676, 678 (Tex. App.—Tyler 2008, no pet.) ................................................................................................15

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-72 (Tex. 2009)...... 12, 21, 22, 23

*City of Longview v. Head*, 33 S.W.3d 47, 51 (Tex. App.—Tyler 2000, no pet.)....15

*City of Tyler v. Smith*, No. 12-08-00159-CV, 2009 WL 4757576, at *4 (Tex. App.—Tyler Dec. 14, 2009, no pet.) (mem. op.) .....................................16

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 526 (Tex. App.—Austin 2010, no pet.)..............................29

*Desi Driving Sch. v. Tex. Educ. Agency*, 2014 WL 1018086, at *1 (Tex. App.—Austin Mar. 14, 2014, no pet.).......................................................32

*Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265 (Tex. 1980)..........................................................................20

*Friends of Canyon Lake v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 524 (Tex. App.—Austin 2002, pet. denied) ....................................................................29

*Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 525 (Tex. App.—Austin 2002, pet. denied) ...........................................................13

*Griffin v. Hawn*, 341 S.W.2d 151, 152-53 (Tex. 1960)...........................................20

*Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2003)........................................35

*Hill v. Bd. of Trs. of the Ret. Sys. of Tex.*, 40 S.W.3d 676, 678 (Tex. App.—Austin 2001, no pet.) ...........................................................................................................27

*Hosner v. DeYoung*, 1 Tex. 764, 769 (1847) ..........................................................16

*In re O'Quinn,* 355 S.W.3d 857, 862 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding [mand. denied]) .....................................................................................30

*Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011) ....14

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).....................................................19

*Lueck v. State*, 325 S.W.3d 752, 765-66 (Tex. App.—Austin 2010, pet. denied)  26, 27

*Marble Falls Indep. Sch. Dist.*, 275 S.W.3d 558, 566-67 (Tex. App.—Austin 2008, pet. denied)...............................................................................................................32

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922 (Tex. 1998)................................14

*MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009)28

*McAllen Hosps. v. Suehs*, 426 S.W.3d 304, 316 (Tex. App.—Amarillo 2014, no pet.)..........................................................................................................................21

*Prairie View A&M v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012) ................... 12, 27

*Reed v. Prince*, 194 S.W.3d 101, 107 (Tex. App.—Texarkana 2006, pet. denied)19, 27

*Republic Ins. Co.* v. *Davis,* 856 S.W.2d 158, 164 (Tex. 1993) ...............................31

*State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ...............................20

*Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) ....................................................................................................................24

*Tex. A&M Unìv. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007)............. 15, 19

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)15, 31, 32, 33

*Tex. Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 94-95 (Tex. App.—Austin 2009, pet. denied) ............................................................................... 24, 29

*Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258-59 (Tex. 2010) ............................................................................................ 12, 21, 23

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care*, l45 S.W.3d 170, 198 (Tex. 2004)...........................................................................................16

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam) ........19

*Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011).................. 11, 18

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) ................................................................................... 11, 14, 19, 30

*Tex. Parks & Wildlife Dep't v. Garland*, 31 S.W.3d 920, 925 (Tex. App.—Tyler 2010, no pet.) ...........................................................................................17

*TFJA v. Tex. Comm'n on Envtl. Quality*, 368 S.W.3d 727, 735-36 (Tex. App.—Austin 2012, pet. denied) ..............................................................................29

*Twenty Wings Ltd. v. Tex. Alcoholic Beverage Comm'n,* No. 2-05-355-CV, 2006 WL 1791707, at *1 (Tex. App.—Fort Worth June 29, 2006, no pet.) (mem. op.) .26

*Vickery v. Stanley*, 2010 WL 4638714, at *4 (Tex. App.—Tyler Nov. 17, 2010, no pet.)...................................................................................................28

*Wilson v. Tex. Workers' Comp. Comm'n*, No. 12-01-00337-CV, 2003 WL 22681793, at *3 (Tex. App.—Tyler Nov. 13, 2003, no pet.) (mem. op.) ...............16

*Wilson v. Wilson*, 378 S.W.2d 156, 160 (Tex. App.—Tyler, 1964 no writ) ...........30

**Statutes**

42 U.S.C. § 1396.................................................................................................4

Tex. Civ. Prac. & Rem. Code § 15.014 .................................................................23

Tex. Civ. Prac. & Rem. Code § 37.002(b)............................................................31

Tex. Civ. Prac. & Rem. Code § 37.003(a)............................................................30

Tex. Civ. Prac. & Rem. Code § 65.023(a)............................................................23

Tex. Gov't Code Ann. § 2001.171............................................................. 18, 26, 27

Tex. Gov't Code Ann. § 2001.176........................................................................2, 34

Tex. Gov't Code Ann. § 2001.176(b)(1) ...............................................................18

Tex. Gov't Code Ann. § 531.001..........................................................................4

Tex. Gov't Code Ann. § 531.102...........................................................................3

Tex. Gov't Code Ann. § 531.1201(a) ..................................................................6, 7

Tex. Hum. Res. Code Ann. § 32.021(a) ...............................................................2

Tex. Hum. Res. Code Ann. § 32.039(b)(1)................................................................4

Tex. R. App. P. 38.2(a)(1)(B) ...................................................................x, 7

**Rules**

1 Tex. Admin. Code § 371.11 ...................................................................8

1 Tex. Admin. Code § 371.1605 ...................................................................4

1 Tex. Admin. Code § 371.1607(50) ...................................................................8

1 Tex. Admin. Code § 371.1617 ...................................................................5

1 Tex. Admin. Code § 371.1617(b) ...................................................................7

1 Tex. Admin. Code § 371.1617(e)(1)..................................................... 5, 9, 13, 22

1 Tex. Admin. Code § 371.1711(d)(2) ...................................................................6

1 Tex. Admin. Code § 371.1721(a) ...................................................................4

1 Tex. Admin. Code § 371.1721(b)(l) ...................................................................4

1 Tex. Admin. Code § 371.1723...................................................................5, 25

## STATEMENT OF THE CASE

*Nature of the Case*:    This is an appeal from a final judgment by the County Court in Gregg County granting the Texas Health and Human Services Commission's ("HHSC") plea to the jurisdiction and dismissing Troy W. Simmons, D.D.S., P.C. and Troy W. Simmons, D.D.S.'s ("Dr. Simmons") petition for declaratory judgment ("Trial Court Petition"). CR 4-11.

*Trial Court*:    County Court at Law No. 2 Gregg County, the Honorable Vincent L. Dulweber, Presiding.

*Trial Court Proceeding*:    Appellant Dr. Simmons brought suit seeking an order from the trial court to extinguish his liability to HHSC for a final overpayment debt and to compel HHSC to release to Dr. Simmons funds it had applied to satisfy a portion of the final debt. *See* CR 4-11. HHSC filed a plea to the jurisdiction, asserting that the trial court lacked jurisdiction over Dr. Simmons' suit because of sovereign immunity, a lack of an *ultra vires* exception, and failure to exhaust administrative remedies. CR 12-40, 45-109. After considering the arguments of the parties, and holding a hearing, the trial court granted HHSC's plea to the jurisdiction and dismissed Dr. Simmons' lawsuit. CR 124.

*Trial Court Disposition*:    The trial court entered a final order granting HHSC's plea to the jurisdiction and dismissing Dr. Simmons' lawsuit. *See* Final Order, CR 124, and letter from Judge Dulweber, attached at **Appendix 1**. Dr. Simmons appeals this final order. CR 130.

## ISSUE PRESENTED - CORRECTED

1. Whether the trial court properly granted HHSC's Plea to the Jurisdiction.[1]

---

[1] Dr. Simmons' purported second issue, whether HHSC failed to exhaust its administrative remedies, is not properly before the Court. *See* Tex. R. App. P. 38.2(a)(1)(B). This proffered issue goes to the merits of Dr. Simmons' request for relief and was not, therefore, considered or ruled on by the trial court.

## IN THE COURT OF APPEALS
## FOR THE TWELFTH JUDICIAL DISTRICT
## TYLER, TEXAS

**TROY W. SIMMONS, D.D.S., P.C. AND TROY W. SIMMONS, D.D.S.,**
*Appellants*,

v.

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
*Appellee*.

On Appeal from the County Court at Law No. 2, Gregg County, Texas
Cause No. 2014-933-CCL2

## APPELLEE'S BRIEF

TO THE HONORABLE TWELFTH COURT OF APPEALS:

The trial court properly granted HHSC's plea to the jurisdiction, dismissing for want of jurisdiction Dr. Simmons' suit for declaratory judgment, because declaratory judgment did not lie in this case where Dr. Simmons failed to plead or prove any waiver of sovereign immunity or *ultra vires* exceptions or failed to exhaust his administrative remedies.

Dr. Simmons brought suit asking the trial court to (1) issue a declaration that Dr. Simmons' alleged liability to HHSC to be **released and extinguished** and (2) order HHSC to **release and forward** funds that HHSC applied to satisfy an overpayment of Medicaid funds HHSC had paid to Dr. Simmons based on improperly submitted Medicaid claims. *See* CR 7 (emphasis added). These funds

1

were used by HHSC-OIG to satisfy a portion of the debt that had become final after Dr. Simmons failed to appeal a final notice of overpayment.[2]

Moreover, while styled as an action for declaratory judgment, the relief requested by Dr. Simmons reveals this case to be a petition for writ of mandamus, alleging *ultra vires* conduct by HHSC. Specifically, Dr. Simmons contends that HHSC has illegally retained Medicaid reimbursements that were subject to an administrative payment hold. The relief he requests, that the trial court declare his liability to the State has been extinguished and order HHSC to return the held funds, is actually an attempt to obtain mandamus relief against the State.

## STATEMENT OF FACTS

**The Parties**

Appellee HHSC is an agency of the State of Texas with responsibility to administer the Texas Medicaid program. Tex. Hum. Res. Code Ann. § 32.021(a) (West 2013).

---

[2]   If Dr. Simmons had correctly appealed HHSC's final determination of overpayment, venue would have been mandatory in Travis County, Texas. Tex. Gov't Code Ann. § 2001.176 (suits for judicial review "must be filed in a Travis County district court").

In addition to its plea, HHSC also filed a motion to transfer venue. If the Court were to reverse the granting of HHSC's plea, HHSC will ask the trial court to grant its motion to transfer to Travis County. Simmons ought not be allowed to lie behind the log and circumvent the mandatory venue provisions to appeal HHSC-OIG's final determination in a venue other than Travis County.

Appellant Dr. Simmons is a Longview- and Palestine-based orthodontic and general dentistry practice that voluntarily enrolled as a Texas Medicaid provider to perform general dentistry and orthodontia services. *See, e.g.*, THSteps Dental Provider Enrollment Application, signed by Dr. Simmons' office manager, dated Mar. 12, 2012, at CR 72-83.

Between at least 2007 and 2012, Dr. Simmons was a Texas Medicaid provider. The Office of the Inspector General ("HHSC-OIG") investigated the billing submissions Dr. Simmons sent to HHSC for reimbursement of services he claimed he made to Medicaid patients. *See* Final Notice of Overpayment, dated Nov. 13, 2013, at CR 31-35. As a result of this investigation, HHSC-OIG determined that Dr. Simmons had made false statements and misrepresentations, in violation of HHSC Medicaid rules. *See id.* at CR 32.

### HHSC-OIG's administrative enforcement actions to combat waste, fraud, and abuse

HHSC-OIG is the administrative enforcement arm of HHSC and is responsible for the investigation of waste, fraud, and abuse in the provision of health and human services "and the enforcement of state law relating to the provision of those services." Tex. Gov't Code Ann. § 531.102 (West 2013). Specifically, HHSC-OIG is responsible for the investigation of waste, fraud, and abuse in the Texas

3

Medicaid program. *Id.*[3] Additionally, chapter 32 of the Human Resources Code provides for the imposition of damages and administrative penalties against a person who presents or causes to be presented to the department a claim that "contains a statement or representation the person knows or should know to be false." Tex. Hum. Res. Code Ann. § 32.039(b)(1). The statutory authority for the rules governing HHSC-OIG includes both chapters 32 and 36 of the Human Resources Code. Tex. Gov't Code Ann. § 531.001; 1 Tex. Admin. Code § 371.1605 (2005).

HHSC-OIG Rule 371.1721 provides that HHSC-OIG may assess administrative penalties against a person who submits a claim that the person knows or should know is false, or who presents a claim that contains a statement that the person knows or should know is false. 1 Tex. Admin. Code § 371.1721(a), (b)(l) (2005). A person who commits such a violation is liable for: (1) the amount paid as a result of the violation; (2) interest; (3) an administrative penalty of not more than twice the amount paid; and (3) administrative penalties of up to $10,000 per violation. 1 Tex. Admin. Code § 371.1723 (2005). HHSC-OIG may apply monies withheld in a payment hold action "to satisfy any portion of an unpaid assessment

---

[3] Medicaid is a government program providing health care to qualified impoverished people. It is jointly funded by state and federal tax dollars. 42 U.S.C. § 1396. While jointly funded, Medicaid is administered by the states. Defendant HHSC has responsibility to administer the Texas Medicaid program. Tex. Hum. Res. Code § 32.021(a).

of overpayments." 1 Tex. Admin. Code § 371.1617(e)(1), copy at CR 68-69.

**Failure to Appeal Final Notice of Overpayment**

HHSC-OIG conducted an investigation of Dr. Simmons' claims submitted to Texas Medicaid and determined that HHSC had overpaid Dr. Simmons. *See* Final Notice of Overpayment, dated Nov. 13, 2013, at CR 21-25. As a result of its investigation, HHSC-OIG determined that HHSC had overpaid Dr. Simmons in the amount of $2,609,436.00 and that, between 2007 and 2012, Dr. Simmons had violated 1 Tex. Admin. Code § 371.1617 (2005). *See* Final Notice of Overpayment, at CR 21-22. The overpayment amount arose out of claims Dr. Simmons submitted to HHSC "for payment under Medicaid or other HHS programs." CR 21. The Final Notice of Overpayment lists several violations, all of which are based on requests for prior authorization or claims for reimbursement that Dr. Simmons submitted to HHSC. *Id.*

When a provider receives a final notice of overpayment, the provider has fifteen days to request an appeal. Tex. Gov't Code Ann. § 531.1201(a), copy at CR 88-89.[4] Dr. Simmons received the Final Notice of Overpayment. *See* Certified Mail

---

[4]     *See also* 1 Tex. Admin. Code § 371.1711(d)(2) (Recoupment of Overpayment and Debt) ("A person may request an administrative appeal hearing after receipt of a final notice of potential recoupment in accordance with § 371.1615 of this subchapter (relating to Appeals). [HHSC-] *OIG must receive the written request for an appeal no later than 15 days after the date the person receives final notice.*") (emphasis added).

Receipt, signed by C. Sampson of Willie & Associates, Nov. 15, 2013, at CR 25. Subsequent to his receipt of the Final Notice, Dr. Simmons had until November 30, 2013 to send HHSC-OIG a written request for an appeal. Dr. Simmons failed, however, to provide HHSC with a request to appeal the Final Notice, as required by Tex. Gov't Code Ann. § 531.1201(a) and 1 Tex. Admin. Code § 371.1711(d)(2). As a result of Dr. Simmons' failure to appeal the Final Notice of Overpayment, HHSC-OIG never docketed the overpayment proceeding.[5] The recoupment sanction became a final debt on December 1, 2013. *See* Tex. Gov't Code Ann. § 531.1201(a); 1 Tex. Admin. Code § 371.1617(b) (2012), copy at CR 68-69.[6]

Thus, Dr. Simmons' failure to request an overpayment appeal hearing within the fifteen-day period precluded him from seeking judicial review of HHSC-OIG's final decision to recoup the overpayment and resulted in the "creat[ion] of a final debt in favor of the State of Texas." *See* 1 Tex. Admin. Code § 371.1617(b) (2012), copy at CR 68-69.

---

[5] Also pursuant to Government Code section 531.1201(a), a provider has the right to elect the venue where the appeal is to be docketed. A provider may have the appeal heard at either HHSC Appeals Division or at the State Office of Administrative Hearings ("SOAH"). Tex. Gov't Code § 531.1201(a).

[6] Dr. Simmons' brief contains a misstatement of fact. The overpayment matter was not, as he erroneously claims, docketed before SOAH, nor did the overpayment proceeding ever receive a docket number. *See* Appellant's Brief at p. 1; Tex. R. App. P. 38.2(a)(1)(B). The docket number referred to, 529134981, was, rather, the docket number for the **payment hold** proceeding, a case entirely independent and separate from the overpayment proceeding.

**Separate Payment Hold Proceeding against Dr. Simmons**

Prior to the overpayment investigation and final determination, HHSC-OIG had initiated a payment hold proceeding against Dr. Simmons. HHSC-OIG is required by law to institute a payment hold if it has reason to believe the provider has engaged in fraud against the Medicaid program.[7]

The payment hold contested case, docketed at SOAH in Travis County, was distinct from the overpayment proceeding. The SOAH payment hold proceeding was styled *Troy Simmons, D.D.S. v. Tex. Health & Human Servs. Comm'n*, SOAH Docket No. 529134981. *See, e.g.*, Respondent's Mot. to Dismiss, at CR 27 (bearing docket number 529134981). The lifting of the payment hold by HHSC mooted the contested case, and Order No. 10 cancelled the hearing. *See* Notice of Lift of Payment Hold, dated Feb. 5, 2014, a true and correct copy is attached as **Appendix**

---

[7]    The Texas Legislature empowered, and requires, HHSC-OIG to combat unlawful conduct by providers who fraudulently take money from Medicaid. *See, e.g.*, 1 Tex. Admin. Code § 371.11 (Purpose and Scope) (Inspector General "administers program integrity and enforces program violations" and is responsible for "pursuing Medicaid . . . fraud, abuse, overpayment, and waste").

A payment hold (suspension of payments) is defined as:

An administrative sanction that withholds all or any portion of payments due a provider until the matter in dispute, including **all investigation and legal proceedings**, between the provider and the Commission or an operating agency or its agent(s) **are resolved**. This is a temporary denial of reimbursement under the Medicaid or other HHS program for items or services furnished by a specified provider.

1 Tex. Admin. Code § 371.1607(50) (Definitions) (emphasis added).

**2**; Order No. 10, copy at CR 116-19. This lifting of the payment hold disposed of SOAH case number 529134981.

### Applying Payment Hold Monies to Satisfy Final Overpayment Debt

After a recoupment sanction becomes a final debt, HHSC-OIG is authorized to apply monies from a payment hold to satisfy the amount the State overpaid a provider. 1 Tex. Admin. Code § 371.1617(e)(1), copy at CR 68-69. Here, after Dr. Simmons failed to appeal the Final Notice by the deadline of November 30, 2013, a final debt was created. *See id.* HHSC-OIG then did as it was authorized to do by statute: HHSC-OIG used money it had withheld from Dr. Simmons in the payment hold proceeding to satisfy a portion of the final overpayment debt.[8]

HHSC-OIG then moved to enforce the collection of the overpayment against Dr. Simmons. HHSC submitted a State Action Request ("SAR") to set up a repayment receivable to collect on the overpayment amount, and HHSC-OIG then filed the Notice of Lift of Payment Hold. **App. 2** (noting the SAR attached as Exhibit A to the Notice). *See also* letter to J. Willie, counsel for Dr. Simmons, from J. Day, counsel for HHSC-OIG, dated Mar. 4, 2014 (explaining that HHSC intended to refer

---

[8]     In order to apply the money from the payment hold to satisfy the overpayment balance, HHSC-OIG filed a motion to dismiss. *See* Mot. to Dismiss without Prejudice, dated Dec. 16, 2013, at ¶¶ 4 – 9 and Certificate of Service, showing service upon Plaintiffs' counsel. CR 27-36. This motion also gave Dr. Simmons further notice of the consequences of failing to timely appeal the Final Notice of Overpayment.

to the Office of Attorney General the collection of the overpayment amount owed by Plaintiffs), copy at CR 38-40. On February 29, 2014, the SOAH ALJ disposed of the payment hold case. *See* Order No. 10, copy at CR 116-19.

**Attack on Agency's Final Determination**

Subsequent to HHSC's decision to apply the payment hold monies to satisfy a portion of the final debt, Dr. Simons filed the Trial Court Petition on May 8, 2014. CR 4-11. In response, HHSC filed a Plea to the Jurisdiction ("HHSC's Plea"), arguing that the County Court lacked jurisdiction to hear the merits of Dr. Simmons' suit because the doctrines of sovereign immunity and failure to exhaust administrative remedies precluded the County Court from considering the merits of Dr. Simmons' Trial Court Petition. CR 12-40, 45-109.

After a hearing on HHSC's Plea, the County Court of Gregg County, the Hon. Vincent Dulweber, presiding, issued a final order, granting HHSC's Plea and dismissing Dr. Simmons' lawsuit. *See* Order, dated Aug. 25, 2014, at CR 124.

Dr. Simmons subsequently filed the instant appeal of the County Court's final order. *See* Notice of Appeal, at CR 130-31.

## SUMMARY OF THE ARGUMENT

The trial court properly granted HHSC's Plea to the Jurisdiction because Dr. Simmons' lawsuit is barred by the doctrine of sovereign immunity. Dr. Simmons failed to plead a valid waiver of sovereign immunity. Moreover, he failed to exhaust his administrative remedies when he failed to appeal the final notice of overpayment. Where a court lacks jurisdiction, a UDJA claim, even if a valid claim, cannot independently confer jurisdiction.

A court has subject-matter jurisdiction over a matter only if a plaintiff pleads a valid waiver of sovereign immunity. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002) ("Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit."). Here, Dr. Simmons has failed to plead a valid waiver of sovereign immunity; and, the Court, therefore, lacks jurisdiction over the claim.

Dr. Simmons brings this action under the Uniform Declaratory Judgment Act ("UDJA"), Tex. Civ. Prac. & Rem. Code ch. 37, but the UDJA does not waive sovereign immunity. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) ("we conclude that, under *Heinrich*, sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver") (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-72 (Tex. 2009)); *see also Prairie View A&M v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012) (waiver must be clear and

10

unambiguous). Therefore, the Court has no jurisdiction over this case based only on Dr. Simmons' UDJA claim.

Dr. Simmons asserted that the trial court had jurisdiction on the premise that HHSC is acting unlawfully in not returning money retained in the payment hold. Thus, this claim is nothing more than an *ultra vires* claim against HHSC. The Texas Supreme Court, however, has repeatedly held that agencies do not act *ultra vires*; only agency officials can act *ultra vires*. *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258-59 (Tex. 2010) (holding that court lacked jurisdiction in *ultra vires* claim where plaintiff only named agency and failed to name "Department officials acting in their official capacities") (citing *Heinrich*, 284 S.W.3d 366)). Therefore, the head of a state agency must be named in an *ultra vires* suit. *Id.*

Even if Dr. Simmons had named the proper party, the Executive Commissioner of HHSC, his jurisdictional defect could still not be cured because Dr. Simmons has failed to plead a valid *ultra vires* claim. Here, HHSC officials acted within their sound discretion and, as allowed by HHSC Rules, applied payment hold monies to satisfy a portion of a final debt. *See* 1 Tex. Admin. Code § 371.1617(e)(1), copy at CR 68-69. *See also* letter to J. Willie, counsel for Plaintiffs, from J. Day, counsel for HHSC-OIG, dated Mar. 4, 2014 (explaining that HHSC intended to refer

to the Office of Attorney General the collection of the overpayment amount owed by Plaintiffs), at CR 116-19.

Moreover, because Dr. Simmons failed to exhaust his administrative remedies, a court lacks jurisdiction to review HHSC's decision to create a final overpayment determination. *See Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 525 (Tex. App.—Austin 2002, pet. denied) ("It is well settled that a party must exhaust its administrative remedies before seeking judicial review of an agency decision.").

Even if Dr. Simmons had brought a viable UDJA claim, that UDJA cause of action cannot independently confer jurisdiction. The UDJA is a procedural mechanism only and provides a remedy only when a court already has jurisdiction. *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011). Because the trial court had no jurisdiction to entertain Dr. Simmons' request for relief in the first place, his request for declaratory judgment, assuming in the alternative it was a proper UDJA claim, would not provide jurisdiction.

The Court should, therefore, affirm the trial court's granting of HHSC's Plea to the Jurisdiction.

## STANDARD OF REVIEW

Whether or not a trial court has subject-matter jurisdiction is a question of law and is subject to *de novo* review by the appellate court. *IT-Davy*, 74 S.W.3d at 855 (rulings on jurisdictional pleas are reviewed *de novo*); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *City of Athens v. MacAvoy*, 260 S.W.3d 676, 678 (Tex. App.—Tyler 2008, no pet.).

## ARGUMENT

### I. The trial court properly granted HHSC's Plea to the Jurisdiction.

#### A. Sovereign immunity bars suit, and Dr. Simmons fails to argue waiver.

A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Tex. Air Control Bd.*, 852 S.W.2d at 446; *City of Longview v. Head*, 33 S.W.3d 47, 51 (Tex. App.—Tyler 2000, no pet.). And when the defendant is a state entity or official, sovereign immunity generally deprives the trial court of jurisdiction. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007); *Wilson v. Tex. Workers' Comp. Comm'n*, No. 12-01-00337-CV, 2003 WL 22681793, at *3 (Tex. App.—Tyler Nov. 13, 2003, no pet.) (mem. op.). *See also City of Tyler v. Smith*, No. 12-08-00159-CV, 2009 WL 4757576, at *4 (Tex. App.—Tyler Dec. 14, 2009, no pet.) (mem. op.) ("it has long been recognized

13

that no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent") (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)).

A person who is aggrieved by a final agency decision cannot seek judicial review of that decision unless there is statutory authorization; otherwise, the suit is barred by the doctrine of sovereign immunity. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care*, 145 S.W.3d 170, 198 (Tex. 2004); *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 173 (Tex. App.—Austin 2013, no pet.) ("state agency decisions generally cannot be challenged in court unless the Legislature has enacted a statute expressly authorizing such review"); *see also Chatha*, 381 S.W.3d at 511 (waiver must be clear and unambiguous); *Tex. Parks & Wildlife Dep't v. Garland*, 313 S.W.3d 920, 925 (Tex. App.—Tyler 2010, no pet.) (same).

Accordingly, Simmons' suit fails for two reasons. First, no statutory authorization allows for Simmons' suit because Simmons failed to preserve his right to obtain judicial review of HHSC's final decision when he failed to timely appeal HHSC-OIG's Final Notice of Overpayment by November 30, 2013. Second, Dr. Simmons' request for relief is nothing more than an impermissible attempt to control state action.

14

Lastly, the UDJA does not "waive the state's sovereign immunity." *Sefzik*, 355 S.W.3d at 621.

### 1. Improper Suit for Judicial Review

Simmons asks this Court to declare that his liability to the State has been "released and extinguished." Petition at ¶ VII.I, at CR 7. The relief Simmons requests is nothing more than a request for judicial review of HHSC's final determination that Simmons owed over $2 million to Texas Medicaid and HHSC's decision to apply payment hold money to satisfy a portion of that final debt. A provider who is subject to a final agency decision or determination in an administrative action may appeal by filing a petition for judicial review. Tex. Gov't Code Ann. § 2001.171. The petition, however, may only be filed after the provider first exhausts his administrative remedies and must be filed in Travis County. *Id.*; Tex. Gov't Code Ann. § 2001.176(b)(1) ("Unless otherwise provided by statute . . . the petition must be filed in a Travis County district court."), copy at CR 91-92.

Because Dr. Simmons had failed to timely request an appeal of the Final Notice of Overpayment, he failed to exhaust his administrative remedies and was thus precluded from filing a petition for judicial review. *See* Tex. Gov't Code Ann. § 2001.171 (West 2013) (requiring party to "*exhaust all administrative remedies available within a state agency*" before being "entitled to judicial review") (emphasis added). *See also Reed v. Prince*, 194 S.W.3d 101, 107 (Tex. App.—Texarkana 2006,

15

pet. denied) (holding that where plaintiff failed to exhaust administrative remedies, compliance with statutory provisions was "a jurisdictional prerequisite to suit").

### 2. Improper Attempt to Control State Action

Simmons' second request, that all retained funds be "released and immediately forwarded" to Simmons, is an effort to control state action. *See* Trial Court Petition at CR 7. Under the doctrine of sovereign immunity, this Court has no jurisdiction over a suit to control state action. Absent a clear legislative waiver of immunity, HHSC is not subject to suit.[9] *IT-Davy*, 74 S.W.3d at 853; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam); *Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265 (Tex. 1980); *Griffin v. Hawn*, 341 S.W.2d 151, 152-53 (Tex. 1960). Here, Simmons has not pled a valid waiver of sovereign immunity; nor does one exist.

### 3. HHSC's discretionary authority to turn overpayment sanction into a final debt

Although Simmons does not use the exact phrase "*ultra vires*," he claims that HHSC has "*acted outside its statutory authority* in continuing to withhold payment from [Dr. Simmons] after it dismissed its administrative cause of action." (emphasis

---

[9] If properly pled, and the HHSC executive commissioner had been named as a defendant, he would have been protected by official immunity. A suit against a state official in his official capacity "actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than the name, . . . a suit against the entity.'" *Koseoglu*, 233 S.W.3d at 844 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

added). Appellant Brief, at p. 3.

### a. Simmons' suit is actually a petition for writ of mandamus.

Courts look to the substance of pleadings to determine the nature of a suit, not what the suit is titled. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."). Although styled a suit for declaratory relief, this suit is actually a petition for writ of mandamus. Dr. Simmons seeks from this Court the following relief:

> A declaration that the Plaintiffs' alleged liability to the Defendant has been released and extinguished and that all funds that have been retained by the Defendant as a consequence of the payment hold **be released and immediately forwarded** to the Plaintiff[s].

Plaintiffs' Petition at ¶ VII (emphasis added), at CR 7. *See Reconveyance Servs.*, 306 S.W.3d at 258 (noting that although "Reconveyance's pleading did not include the term "*ultra vires*" . . . Reconveyance's allegations and requested declarations are, in substance *ultra vires* claims"). Thus, if a court were to grant Dr. Simmons' relief— that the balance of the payment hold funds be reimbursed to Simmons, that court would first have to find that Dr. Janek or the Inspector General were acting either outside their statutory authority or failing to perform a ministerial act. *See Heinrich,* 284 S.W.3d at 372; *cf. McAllen Hosps. v. Suehs*, 426 S.W.3d 304, 316 (Tex. App.—

17

Amarillo 2014, no pet.) (noting that district court may "issue writs of mandamus to compel public officials to perform ministerial acts").

> **b.  The Inspector General acted within his legal authority when he decided to apply payment hold monies to satisfy the overpayment final debt.**

To establish an *ultra vires* exception, Simmons must prove that an agency official "acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. First, the Inspector General acted within his legal authority to apply the monies from the payment hold proceeding to satisfy part of the overpayment debt. *See* 1 Tex. Admin. Code § 371.1617(e)(1) (2012) (providing for HHSC-OIG to apply monies withheld in a payment hold action toward the balance of overpayment that became a final debt), copy at CR 68-69. Simmons fails to cite any statutory authority that contravenes the Inspector General's authority to apply payment hold monies to satisfy a final debt.

Second, an act is ministerial only when "the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). Here, the Inspector General, acted within his sound discretion when he decided, after the overpayment sanction became a final debt, to apply monies collected via payment hold to satisfy the final overpayment debt.

18

Moreover, a court lacks jurisdiction over *ultra vires* claims when a plaintiff sues only the agency and not the agency official. *Tex. Dep't of Insurance v. Reconveyance Servs.*, 306 S.W.3d at 258-59 (citing *Heinrich*, 284 S.W.3d at 371-73). Here, Dr. Simmons only named HHSC as defendant, and the Court, therefore, lacks jurisdiction over this suit.[10]

Lastly, because Dr. Simmons failed to avail himself of an adequate remedy by appeal—here a timely appeal of the final notice of overpayment—mandamus is not available to him. *See Tex. Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 94-95 (Tex. App.—Austin 2009, pet. denied) (where a party "had an adequate remedy by appeal" complaints of an agency decision "were not proper subjects for common-law mandamus relief"). *Kelsoe* is particularly instructive in the instant matter. Similar to Dr. Simmons, Kelsoe missed a deadline to appeal a final agency decision. *See id.* at 96 (missing deadline for filing petition for judicial review of

---

[10]     Assuming Dr. Simmons could bring a viable *ultra vires* action, Dr. Simmons needed to have named Dr. Kyle Janek, Executive Commissioner of HHSC ("Dr. Janek") as a defendant. Otherwise, a court lacks jurisdiction to mandamus HHSC, a state agency. *Id.* After adding Dr. Janek as a party, Travis County would then be the mandatory venue. *See* Tex. Civ. Prac. & Rem. Code § 15.014 (requiring that suit for mandamus action "against the head of a department of state government" be brought in Travis County).

Defendant HHSC also argued to the trial court, in its motion to transfer venue, at CR 16, in the alternative, to the extent Dr. Simmons asks for injunctive relief, venue would be mandatory in Travis County – the domicile of HHSC. *See* Tex. Civ. Prac. & Rem. Code § 65.023(a) ("writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled").

19

denial of application). The *Kelsoe* court held that the trial court lacked jurisdiction over a mandamus action because Kelsoe missed a deadline to challenge a final agency decision. *Id.* at 97-98.

> **B.** **Simmons failed to exhaust his administrative remedies and now seeks a collateral attack on a final agency decision.**

An agency has exclusive jurisdiction over a dispute "when a pervasive regulatory scheme indicates that [the Legislature] intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). The Inspector General initiated the administrative enforcement case to seek recoupment in the only forum in which he has the authority: an administrative forum. The underlying administrative enforcement case was an action to recover administrative remedies for statutory (chapters 36 and 32 of the Human Resources Code) and regulatory (chapter 371 of the Administrative Code) violations. The administrative remedies that the Inspector General sought against Dr. Simmons – recoupment of overpayments and collection of administrative penalties – are remedies only HHSC can award. *See* 1 Tex. Admin. Code § 371.1723 (2005)**Error! Bookmark not defined.**.

HHSC, acting by and through Dr. Janek, its Executive Commissioner, has the exclusive authority to make final decisions in cases brought by HHSC-OIG.

20

Therefore, HHSC and Dr. Janek have exclusive jurisdiction over HHSC-OIG's administrative claims, and Dr. Simmons was required to exhaust his administrative remedies before subject-matter jurisdiction was conferred on a trial court. *Subaru v. McDavid*, 84 S.W.3d at 221; *see also Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000) ("An agency has exclusive jurisdiction when the Legislature gives the agency alone the authority to make the initial determination in a dispute."). In *Cash,* the Texas Supreme Court noted: "When the Legislature vests exclusive jurisdiction in an agency, exhaustion of administrative remedies is required." *Id.*; *see also Lueck v. State*, 325 S.W.3d 752, 765-66 (Tex. App.—Austin 2010, pet. denied) (affirming trial court's order granting Department's plea where Lueck failed to exhaust administrative remedies).

Where there is exclusive jurisdiction, "courts may review the administrative action only at the time and in the manner designated by statute." *Cash*, 35 S.W.3d at 15; *see also Twenty Wings Ltd. v. Tex. Alcoholic Beverage Comm'n,* No. 2-05-355-CV, 2006 WL 1791707, at *1 (Tex. App.—Fort Worth June 29, 2006, no pet.) (mem. op.) ("If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision."); Tex. Gov't Code Ann. § 2001.171 (providing that person aggrieved by agency order may only seek judicial review if he first exhausted administrative remedies).

Exclusive jurisdiction bars a court from ruling in a proceeding where a party failed to exhaust its administrative remedies. *Hill v. Bd. of Trs. of the Ret. Sys. of Tex.*, 40 S.W.3d 676, 678 (Tex. App.—Austin 2001, no pet.) ("It is well-settled that a party must exhaust its administrative remedies before seeking judicial review of an agency order."); *see also Lueck*, 325 S.W.3d at 765-66 (affirming trial court's order granting Department's plea where Lueck failed to exhaust administrative remedies).

Dr. Simmons failed to exhaust his administrative remedies because he failed to timely appeal the Final Notice of Overpayment. His failure to appeal precluded his ability to file a suit for judicial review. *See* Tex. Gov't Code Ann. § 2001.171 ("A person who has *exhausted all administrative remedies* available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review . . .") (emphasis added); *see also Chatha*, 381 S.W.3d at FN21 (noting that in "suits against governmental entities, a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction"); *Reed v. Prince*, 194 S.W.3d at 107**Error! Bookmark not defined.**. *See also Vickery v. Stanley*, 2010 WL 4638714, at \*4 (Tex. App.—Tyler Nov. 17, 2010, no pet.) ("The UDJA cannot be invoked when it would interfere with some other entity's exclusive jurisdiction.") (citing *MBM Fin. Corp. v. Woodlands*

22

*Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009)).

Therefore, a district court is barred from determining whether "Plaintiffs' alleged liability to the Defendant has been released and extinguished." *See* Trial Court Petition, at CR 7. Simmons should have brought this claim in a suit for judicial review, an avenue that he made impossible when he failed to timely appeal the final notice of overpayment.

Related to the failure to exhaust administrative remedies, this suit is an impermissible collateral attack on a final agency decision. Here, Dr. Simmons is attempting to cure his failure to timely appeal the Final Notice of Overpayment. To the extent Plaintiffs seek a collateral attack on a final agency determination, the trial court also lacked jurisdiction over Simmons' suit.

Courts have repeatedly rejected attempts to use the UDJA to attack final agency orders. *See, e.g.*, *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 526 (Tex. App.—Austin 2010, no pet.); *Kelsoe*, 286 S.W.3d at 96-97 (court lacks jurisdiction to consider appeal where party failed to timely file petition for judicial review). *See also TFJA v. Tex. Comm'n on Envtl. Quality*, 368 S.W.3d 727, 735-36 (Tex. App.—Austin 2012, pet. denied) ("failure to timely file a petition for judicial review . . . entirely deprives a trial court of jurisdiction to consider an appeal of [an agency's] decision"); *Friends of Canyon*

*Lake*, 96 S.W.3d at 524.

**C. Dr. Simmons' UDJA claim, even if valid, could not confer jurisdiction on a trial court and would result only in an advisory opinion.**

**1. Independent Jurisdiction Not Conferred**

The trial court also lacked jurisdiction because Dr. Simmons' UDJA claim is not a waiver of sovereign immunity sufficient to confer jurisdiction on the court. The UDJA does not enlarge the existing jurisdiction of a court or create new jurisdiction. *IT-Davy*, 74 S.W.3d at 855.

Rather, a court must have an independent basis for jurisdiction to hear an action for declaratory relief against the State. Tex. Civ. Prac. & Rem. Code § 37.003(a); *Wilson v. Wilson*, 378 S.W.2d 156, 160 (Tex. App.—Tyler 1964, no writ). The UDJA, ch. 37 of the Civil Practice & Remedies Code, is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power." *In re O'Quinn,* 355 S.W.3d 857, 862 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding [mand. denied]) (quoting *Tex. Air Control Bd.,* 852 S.W.2d at 444). The UDJA "cannot be invoked as an affirmative ground of recovery to revise or alter existing rights or legal relations." *AVCO Corp. v. Interstate Sw., Ltd.,* 251 S.W.3d 632, 663 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (quoting *Republic Ins. Co.* v. *Davis,* 856 S.W.2d 158, 164 (Tex. 1993)).

*See also* Tex. Civ. Prac. & Rem. Code § 37.002(b) ("This chapter is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations").

Because Dr. Simmons UDJA claim is incidental to a mandamus claim or request for injunctive relief, the trial court properly granted HHSC's plea to the jurisdiction.[11]

### 2. Advisory Opinion

Dr. Simmons' suit is also barred to the extent he asked the trial court to issue an advisory opinion. *See* Appellate Brief at p. 5 ("the trial court was requested to construe the validity and to make a declaration of the relative rights of the parties concerning Order No. 5 and Order No. 10"). Dr. Simmons' request that his liability be "release and extinguished" relies in his interpretation of Orders No. 5 and 10.

The SOAH ALJ's Order No. 5 in the payment hold proceeding did nothing other than deny the Inspector General's motion to dismiss the payment hold contested case. CR at 9-11.[12] Therefore, any declaration or ruling regarding the

---

[11]   This suit is also an invalid UDJA claim because if Simmons had timely filed a suit for judicial review, he would not have needed to file a UDJA claim. The relief he seeks is redundant of the relief he could have pursued in an appeal of HHSC-OIG's overpayment determination. *See Tex. Air Control Bd.*, 852 S.W.2d at 444 (a declaratory judgment action is merely a procedural device for deciding matters already within a court's subject matter jurisdiction).

[12]   Order No. 5, other than denying HHSC-OIG's request to dismiss the payment hold case, only otherwise purported to answer the following question: "*Did Dr. Simmons fail to timely provide OIG with a written request for an appeal?*" CR 10-11. The only relief that Dr. Simmons could have sought would have been an order from a Travis County district court to compel the

25

overpayment proceeding is tantamount to an advisory opinion, which Texas courts are not allowed to issue. *See Tex. Air Control Bd.*, 852 S.W.2d at 444. And because the overpayment proceeding was not docketed at SOAH, the administrative body that issued Order Nos. 5 and 10, SOAH did not have jurisdiction over the overpayment proceeding.

Also, the orders did not somehow result in the complete extinguishing of Dr. Simmons' liability in the overpayment proceeding. A declaration as to the specific orders and pleadings in the payment hold proceeding would thus have no effect on whether HHSC-OIG had the authority to apply the payment hold monies to satisfy the overpayment amount. *See Billings v. Concordia Heritage Assoc.*, 960 S.W.2d 688, 693 (Tex. App.—El Paso 1997, writ denied) ("declaratory judgment is

Executive Commissioner to docket the overpayment case, either at HHSC Appeals or at SOAH. If such a suit had been brought, HHSC would have argued that the SOAH ALJ in the payment hold case lacked jurisdiction in the overpayment proceeding.

And even if the AJL did have jurisdiction in the overpayment case, the SOAH ALJ's reasoning in Order No. 5 conflicted with holdings from the Third Court of Appeals. *See Desi Driving Sch. v. Tex. Educ. Agency*, 2014 WL 1018086, at *1 (Tex. App.—Austin Mar. 14, 2014, no pet.) (where party prematurely filed suit for judicial review, district court lacked jurisdiction) (citing *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566-67 (Tex. App.—Austin 2008, pet. denied)). Here, any request made prior to the issuance of the final notice of overpayment would have failed to invoke the jurisdiction of a court, including SOAH. *See id.*

Order No. 10 only cancelled the payment hold hearing. CR 116. The order also purports to "remand" the payment hold matter to HHSC. If Dr. Simmons' suit were ever heard on the merits, HHSC would argue that after the Notice of Lift of Payment Hold, filed before the issuance of Order No. 10, the payment hold proceeding was disposed of in its entirety and there was nothing, therefore, to remand to HHSC.

And neither Order somehow cured Dr. Simmons' failure to exhaust his administrative remedies after he failed to appeal the Final Notice of Overpayment by November 30, 2014.

appropriate when a real controversy exists between parties, and the entire controversy may be determined by judicial declaration").

## II. Dr. Simmons' Purported Issue No. 2 is not properly before the Court.

Dr. Simmons states as his second issue that HHSC failed to exhaust its administrative remedies. This assertion was part of Dr. Simmons' briefing in the trial court and goes to the merits of his argument, an argument that the trial court in granting HHSC's Plea, did not consider. *See, e.g.*, Dr. Simmons' Post-Submission Brief, at CR 6 (claiming that HHSC "did not seek judicial review of [Order Nos. 5 and 10]"). The Court would have to first deny HHSC's plea and remand for an opportunity for the trial court to consider the merits of Dr. Simmons' claims. Therefore, because issue number two is not properly before the Court, for all the reasons stated in section I, *supra*, issue two should be overruled.[13]

## CONCLUSION AND PRAYER

The trial court correctly ruled that it was without jurisdiction to hear Simmons' complaints because sovereign immunity barred him from bringing suit

---

[13] HHSC does note that despite Dr. Simmons' assertion, HHSC could not, nor need not, have availed itself of Tex. Gov't Code Ann. § 2001.176 and have sought a suit for judicial review for either Order No. 5 or Order No. 10. As explained in FN 12 *supra*, Order No. 5 was neither final nor appealable. Order No. 5 merely denied HHSC-OIG's motion to dismiss the payment hold case. And Order No. 10 cancelled the payment hold hearing, precisely the action HHSC-OIG wished the ALJ to take. And, in any event, HHSC-OIG's Notice of Lift of Payment Hold, filed Feb. 5, 2014, disposed entirely of the payment hold proceeding and made moot any effect Orders No. 5 and 10 may have had on any parties.

and because Simmons had failed to exhaust his administrative remedies. The jurisdictional defects cannot be cured. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2003).

Appellee HHSC prays the Court will affirm the trial court's granting of HHSC's Plea to the Jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

/s/ Jennifer L. Hopgood_____
JENNIFER L. HOPGOOD
State Bar No. 21791950
(512) 936-1660 direct line
jennifer.hopgood@texasattorneygeneral.gov
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division
Assistant Attorneys General
P. O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 facsimile

## CERTIFICATE OF COMPLIANCE

I certify that this Appellee's Brief has 6,723 words.

/s/ Jennifer L. Hopgood_____
Jennifer L. Hopgood

## CERTIFICATE OF SERVICE

I certify that I have on this 12th day of January 2015, served copies of this Appellee's Brief to the following:

*Via e-file*

Joseph R. Willie
Willie & Associates, P.C.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027

COUNSEL FOR TROY W. SIMMONS, D.D.S., P.C.
AND TROY W. SIMMONS, D.D.S.

/s/ Jennifer L. Hopgood_____
JENNIFER L. HOPGOOD

# **APPENDIX**

Appendix


Appendix 1  Cover letter from Court with Order granting HHSC's Plea to the
Jurisdiction, dated August 25, 2014



## VINCENT L. DULWEBER, JUDGE
## COUNTY COURT AT LAW NO. 2
## GREGG COUNTY, TEXAS

**FILED**
GREGG COUNTY, TEXAS

**AUG 2 5 2014**



_____O'CLOCK_____M
BARBARA DUNCAN, DISTRICT CLERK
BY_____DEPUTY

Sheryl Bowen
Court Reporter

Wendy Ligon
Court Coordinator

101 E. Methvin St. Suite 303
Longview, Texas 75601

903.234.3110
Fax: 903.234.3112

August 25, 2014

Mr. Joseph Willie
Attorney at Law
4151 Southwest Freeway, Suite 490
Houston Texas, TX 77027

VIA FACSIMILE MAIL
713.599.1659

Ms. Jennifer Hopgood
Attorney at Law
P.O. Box 12548
Austin, TX 78711

VIA FACSIMILE MAIL
512.499.0712

Re:     Troy W. Simmons, D.D.S., P.C., et al v. Texas Health and Human Services Commission; Cause No: 2014-933-CCL2
RULING ON PLEA TO JURISDICTION

Counsel:

Subsequent to the Hearing on the Plea to the Jurisdiction held on August 21. 2014, the Court has made a careful review of the Court's file, specifically including the Plea to the Jurisdiction filed by Texas Health and Human Services Commission (HHSC), the Response thereto filed by Plaintiffs, and Plaintiffs' Original Petition. The Court finds that it lacks subject matter jurisdiction of the claims asserted by Plaintiffs against the Texas Health and Human Services Commission.

The Plea to the Jurisdiction filed by the HHSC is hereby Granted. The Court has entered the enclosed file-marked Order Granting Defendant's Plea to the Jursidiction in accordance with the Court's ruling.

Sincerely,

Vincent L. Dulweber
Presiding Judge

FILED
GREGG COUNTY, TEXAS

AUG 25 2014

_____ O'CLOCK _____ M
_____ DISTRICT CLERK
_____ DEPUTY

CAUSE NO. 2014-933-CCL2

| | | |
|---|---|---|
| TROY W. SIMMONS, D.D.S., P.C., AND TROY W. SIMMONS, D.D.S. | § § § § | IN THE COUNTY COURT AT |
| *Plaintiffs,* | § § | |
| v. | § | LAW NO. 2 |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § | |
| *Defendant.* | § § | GREGG COUNTY, TEXAS |

## ORDER GRANTING HHSC'S PLEA TO THE JURISDICTION

CAME ON THIS DAY to be heard in the above-numbered and styled cause the matter of the Plea to the Jurisdiction filed by the Health and Human Services Commission ("HHSC"). The Parties appeared by and through counsel. After considering the pleadings and hearing the arguments of the parties, the Court hereby finds that the relief requested by HHSC should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that HHSC's Plea to the Jurisdiction is in all things GRANTED, and that Plaintiffs' Original Petition for Declaratory Relief is dismissed ~~with prejudice.~~ *(illegible)*

All other relief not granted herein is hereby DENIED.

This Final Judgment disposes of all claims and all parties; it is final and appealable.

SIGNED this ___25___ day of August, 2014.

_____
JUDGE PRESIDING



# VINCENT L. DULWEBER, JUDGE
## COUNTY COURT AT LAW NO. 2
## GREGG COUNTY, TEXAS

**Sheryl Bowen**
Court Reporter

**Wendy Ligon**
Court Coordinator

101 E. Methvin St. Suite 303
Longview, Texas 75601

903.234.3110
Fax: 903.234.3112

## FAX TRANSMITTAL COVER SHEET

NUMBER OF PAGES INCLUDING THIS COVER SHEET: <u>3</u>

DATE:        August 25, 2014

TO:          Jennifer Hopgood

FAX NO.:     512-499-0712

FROM:        Judge Vincent Dulweber

RE:          Troy W. Simmons, D.D.S., P.C., et al vs Texas Health and Human Services Commission

Cause No.: 2014-933-CCL2

The original of this transmittal will be sent by:
    First Class Mail
    Courier
    Overnight Express Mail
    This will be the only form of delivery of the transmitted document(s).

PRIVILEGED AND CONFIDENTIAL.   This transmittal covers information intended only for the use of the named addressee(s).   If the reader of this message is not the named addressee or an employee or agent responsible for delivering the message to the intended recipient(s), please **do not read** the accompanying information, and note that any dissemination, distribution or copying of this communication is strictly prohibited.   Anyone receiving this message in error should notify the sender, noted below, immediately by telephone and return the original message to said sender at the address indicated above by U.S. Mail.   Thank you for your cooperation.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 903.234.3110.

Appendix


Appendix 2  Notice of Lift of Payment Hold, dated February 5, 2014

| TROY W. SIMMONS, D.D.S., P.C., | § | BEFORE THE STATE OFFICE |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | OF |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, OFFICE | § | |
| OF INSPECTOR GENERAL, | § | |
| Respondent. | § | ADMINISTRATIVE HEARINGS |

## NOTICE OF LIFT OF PAYMENT HOLD

NOW COMES the Texas Health and Human Services Commission, Office of Inspector General ("HHSC-OIG" or "Respondent") and respectfully files this Notice of Lift of Payment Hold. Respondent hereby gives notice that the hold imposed, in accordance with 1 Tex. Admin. Code §§ 371.1709(a), 371.1709 (b)(3) (2012) and 42 C.F.R. § 455.23 (2011), on payments of future claims for reimbursement submitted by Troy W. Simmons, D.D.S, P.C. ("Petitioner") is no longer in effect. Respondent would respectfully show the Court as follows:

1.      On November 13, 2013, HHSC-OIG served Petitioner, by and through his counsel of record, with a Final Notice of Overpayment in accordance with the mandates of Tex. Gov't Code §531.1201 (2013).

2.      On November 15, 3013, Petitioner, by and through his counsel of record, received the Final Notice of Overpayment.

3.      Petitioner failed to make a written request for appeal of the Final Notice of Overpayment by the 15th calendar day after receipt in accordance with Tex. Gov't Code § 531.1201 (2013), which supersedes and controls any administrative rule in place prior to September 1, 2013. Tex. Gov't Code § 531.1201(a) (2013) specifically states:

A provider *must* request an appeal not later than the 15th day *after* the date the provider is notified that the commission or the commission's office of inspector general will seek to recover an overpayment or debt from the provider. On receipt of a *timely* written request by a provider who is the subject of a recoupment of overpayment or recoupment of debt arising out of a fraud or abuse investigation, the office of inspector general shall file a docketing request with the State Office of Administrative Hearings or the Health and Human Services Commission appeals division, as requested by the provider, for an administrative hearing regarding the proposed recoupment amount and any associated damages or penalties. (emphasis added).

4.    Because Petitioner did not make a timely request for appeal of imposition of the final sanction, HHSC-OIG has not and cannot file a docketing request with regard to the overpayment. The sanction identified in the Final Notice of Overpayment became final as a matter of law on December 15, 2013 (thirty (30) calendar days after receipt of the notice of final sanction). 1 Tex. Admin. Code. § 371.1617(a)(1) (2012).

5.    According to HHSC-OIG agency rules, HHSC-OIG lifted the payment hold and applied the held funds to the established overpayment. *See* Exhibit A, the 01/30/2014 SAR from HHSC-OIG to TMHP, and Exhibit B, the 02/04/2014 SAR from TMHP to HHSC-OIG confirming termination of the payment hold and application of the funds.

6.    On February 4, 2014, HHSC-OIG received confirmation from the Texas Medicaid & Healthcare Partnership (TMHP) that the payment hold had been lifted and is no longer in effect. *See* Exhibit B.

7.    HHSC-OIG previously moved for a dismissal of this payment hold proceeding on the ground of mootness.

8.    HHSC-OIG wishes to advise the Court that the hold previously imposed on payments of future claims for reimbursements submitted by Petitioner, Troy W. Simmons, D.D.S, P.C., is no longer in effect.

Filed this 5th day of February, 2014.

                         Respectfully submitted,

                         Douglas C. Wilson
                         Inspector General

                         Joy Sparks
                         Chief Counsel
                         Deputy Inspector General

                         James D. Day II
                         Associate Counsel
                         State Bar No. 24029507
                         11101 Metric Blvd., Building I
                         Austin, Texas 78758
                         (512) 491-2052  Phone
                         (512) 491-2009  Fax
                         James.day@hhsc.state.tx.us

                         **ATTORNEY FOR TEXAS HEALTH**
                         **AND HUMAN SERVICES**
                         **COMMISSION OFFICE OF**
                         **INSPECTOR GENERAL**

## CERTIFICATE OF SERVICE

By my signature below, I certify that on this 5th day of February, 2014, I caused to be served a true and correct copy of the foregoing document Via Facsimile upon the State Office of Administrative Hearings and upon Petitioner as follows:

*Via Facsimile: (512) 322-2061*
State Office of Administrative Hearings
300 West 15th Street, Room 504
P.O. Box 13025
Austin, Texas 78711-3025

*Via Facsimile: (713) 599-1659*
Troy W. Simmons, D.D.S., P.C.
c/o Joseph R. Willie, II, D.D.S., J.D.
Willie & Associates, P.C.
Attorneys and Counselors At law
4151 Southwest Freeway, Suite 490
Houston, Texas 77027-7307

James D. Day II
ATTORNEY
HHSC-OIG



**SAR No.:** 58345-1

**Date:** 01/30/2014 01:12:06 PM

**Author of Memo:** Jafari, Jeffrey

**Email:** jeffrey.jafari@hhsc.state.tx.us

**Phone Number:** (512) 491-2087

**Contract No:** ▰▰▰▰▰▰▰▰

**Program Type:** 100Z - HHSC - OIG - Sanctions

**Contract Section Title (KRS):** 8.20.4.3-Recoupments, Adjustments and Accounts Receivable

**Correspondence Type:** Directional/ Instructional

**Contract Requirement No.:** FMC-25

**Subject:** Set up a repayment receivable(Medicaid overpayment) Troy W. Simmons, TPI▰▰▰▰▰ NPI▰▰▰▰▰Lic Nbr▰▰▰Case #: P20121327937016421

**Response Required:** Yes

**Processing:** Rush

| Memo No | Due Date | Revised Due Date |
|---------|----------|------------------|
| 1 | 02/04/2014 | |

**REASON FOR RUSH:** This is a follow-up to SAR 40481. The Texas Health and Human Services Commission, Office of Inspector General, Sanctions (HHSC-OIG/Sanctions) has completed an investigation regarding Troy W. Simmons and identified a Medicaid overpayment in the amount of $2,609,436.00.

HHSC-OIG/Sanctions is requesting the following:

1. Set up a repayment receivable in the amount of $2,609,436.00 for provider number ▰▰▰▰▰▰ using action reason code 0301, Program 100, and using discovery date of November 13, 2013.
2. Terminate the payment hold for Troy W. Simmons. ▰▰▰▰▰ and apply all held funds to the above receivable.
3. Apply payments received via State Warrant SAR from HHSC to the receivable.
4. Remove the provider as well as any addresses from any Do Not Enroll Lists the provider was placed on as directed in the original SAR 40481.
5. Provide Sanctions with written notification that this SAR request has been completed that includes the provider name, CCN numbers, the total amount collected and remaining balance.

If you have any questions please call the originator or Lisa Garza, 512-491-4086 if originator is unavailable.


**To:** Jennifer Guerrero, Jim Pace

**Cc:** Tanya Westbrook, Tracy Traxler, Betty Saleman, Lindsay Mullins, Mcatsvendoradmin Mcatsvendoradmin, Joyce Gates, Brandy Alberd, Karen Pettigrew, Andrea Daniell, Marshall Cunningham



EXHIBIT
B

| | |
|---|---|
| **SAR No.:** | 58345-2 |
| **Date:** | 02/04/2014 09:23:41 AM |
| **Author of Memo:** | Guerrero, Jennifer |
| **Email:** | jennifer.guerrero@tmhp.com |
| **Phone Number:** | (512) 506-7759 |
| **Contract No:** | ██████████ |
| **Program Type:** | 100Z - HHSC - OIG - Sanctions |
| **Contract Section Title (KRS):** | 8.20.4.3-Recoupments, Adjustments and Accounts Receivable |
| **Correspondence Type:** | Directional/ Instructional |
| **Contract Requirement No.:** | FMC-25 |
| **Subject:** | Set up a repayment receivable(Medicaid overpayment) Troy W. Simmons, TPI ████████, NPI ████████ Lic Nbr ████ Case #: P20121327937016421 |
| **Response Required:** | No |

| Memo No | Due Date | Revised Due Date |
|---|---|---|
| 1 | | |

In response to items 1 and 2, on January 30, 2014, TMHP set up a repayment receivable in the amount of $2,609,436.00 for Troy W. Simmons, TPI ████████ under CCN: 2014030640001 using action reason code 0301 for program 100 with discovery date December 1, 2013. Due to system modifications made to Phoenix related to Fiscal Agent, THMP was unable to use discovery date 11/13/2013. On January 30, 2014, TMHP terminated the payment holds applied to TPI numbers ████████ and ████████ for Troy W. Simmons as requested. On February 3, 2014, TMHP applied the held funds in the amount of $80,049.26 to the receivable. As of February 4, 2014, a total of $80,049.26 has been applied to the receivable therefore the balance is $2,529,386.74.

In response to items 3, 4 and 5, TMHP will apply payments received via State Warrant SAR from HHSC-OIG to the receivable. This provider and any address (es) added to the Do Not Enroll List via original SAR 40481-1 have been removed from the list as requested.

If you have any questions or concerns, please call Jennifer Guerrero at 506-7759 or Edward Shepard at 506-7544.

**Attachment**
**To:** Jeffrey Jafari
**Cc:** Brandy Alberd, Joyce Gates, Mcatsvendoradmin Mcatsvendoradmin, Lindsay Mullins, Betty Saleman, Tracy Traxler, Tanya Westbrook, Jim Pace, Marshall Cunningham, Andrea Daniell, Karen Pettigrew